In the Matter of the Appeal of Bridger Valley Electric Association, Inc., and Colorado-Ute Electric Association, Inc., From Orders of the Public Service Commission of Wyoming Dated January 22, 1964, and May 4, 1964, Entered in Docket Nos. 9112 Sub. 8 and 9435.

BRIDGER VALLEY ELECTRIC ASSOCIATION, Inc., and Colorado-Ute Electric Association, Inc., Appellants (Appellants below),

v.

PUBLIC SERVICE COMMISSION of Wyoming, Appellee (Appellee below),

and

Cheyenne Light, Fuel and Power Company, Black Hills Power and Light Company, Utah Power and Light Company, Pacific Power and Light Company, and Lincoln Service Corporation, Appellees (Intervenors below).

No. 3579.

Supreme Court of Wyoming.

Aug. 4, 1967.

Vincent A. Vehar, Evanston, John A. Hughes, Montrose, Colo., Raphael J. Moses, Boulder, Colo., Ward White, Cheyenne, John J. Conway, Denver, Colo., for appellant.

James E. Barrett, Atty. Gen., Lawrence E. Johnson, Chief Sp. Asst. Atty. Gen., Don M. Empfield, Sp. Asst. Atty. Gen., Cheyenne, for appellee Public Service Comm.

Houston G. Williams, Casper, Sidney B. Baucom, Salt Lake City, Utah, E. J. Herschler, Kemmerer, Bryant O'Donnell,

Denver, Colo., Paul B. Godfrey, Cheyenne, for intervenors-appellees.

Before HARNSBERGER, C. J., and GRAY, McINTYRE and PARKER, JJ.

Mr. Justice PARKER delivered the opinion of the court.

In August 1963 Bridger Valley Electric Association, Inc. (a Wyoming retail co-operative) filed with the Public Service Commission an application seeking approval of the sale of its electric generation plant, 69 kv transmission lines, and related facilities, to Colorado-Ute Electric Association (a wholesale Colorado cooperative), Bridger to retain distribution facilities. In its application, Bridger alleged, inter alia, that it had entered into a 35-year, wholesale, power contract with Ute; that no other electric utility would be affected by the proposed sale; that its operating and maintenance costs would be reduced as a result of such sale; that it would have available from Ute a firm supply of power at a reasonable cost; and, in effect, that Ute would assume a portion of Bridger's debt to the United States. Bridger further requested the commission to transfer and assign to Ute that portion of the certificate of convenience and necessity granted to it pertinent to the operation and maintenance of the facilities proposed to be transferred. Simultaneously, Ute filed its application with the commission, requesting approval of the mentioned transfer and agreement and authorization to borrow from the United States through the REA sums to finance acquisition of the Bridger facilities, a note and mortgage to be issued therefor. Ute also asked that the commission authorize and approve the transfer to it of that portion of Bridger's certificate of convenience and necessity required for operation of the acquired facilities. Thus, the two associations, though filing separate applications, were both seeking the commission's approval of a general agreement by which wholesale power would be furnished to Bridger, with certain of the latter's facilities to be acquired by Ute and

financed by the Federal Government. Subsequently, intervention was sought by those now listed in the title and was allowed over objection, the applications were heard, and in January 1964 denied; appellants' joint petition for rehearing was also denied in May 1964. Thereafter appeal was taken to the district court from these January and May decisions of the commission, appellants claiming the same to be unjust, unreasonable, unlawful, arbitrary, contrary to the law and the evidence; to constitute an abuse of discretion; and to exceed the powers and jurisdiction of the commission.

On August 22, 1966, the district court issued judgment, finding in favor of the commission, stating that the commission had not exceeded its powers or jurisdiction and that the court could find no ground upon which to reverse the commission. The court also found it unnecessary to determine whether or not the intervenors were proper parties since they had not asked for affirmative relief and their appearance was solely in the nature of amicus curiae.

From this judgment appellants have prosecuted a joint appeal to this court, raising eleven points, including an asserted infringement of Bridger's constitutional right to sell its property; the commission's improper permitting of intervention; various errors of the commission's proceedings, particularly the issuance of findings allegedly not based upon the evidence; and in general, urging the impropriety of the decisions as being not in conformity with the law and in excess of the commission's powers.

■ These charges were discussed at length in brief and oral argument, but are unnecessary of delineation or discussion here since the appeal has become moot. As is apparent from the record, the essence of the contemplated arrangement was Ute's supplying electrical power to Bridger from its Hayden, Colorado, plant. The Supreme Court of Colorado in Western Colorado Power Company v. Public Utilities Commission, Colo., 411 P.2d 785 (1966) held that a previous order by the Public Utilities

Commission of the State of Colorado, authorizing the construction of the Hayden plant by Ute and the financing thereof, had been improperly issued and accordingly directed that the commission's decision of authorization be vacated and set aside. Thereafter that case was appealed to the United States Supreme Court, resulting in a dismissal of the appeal, alternatively a denial of certiorari,[1] the Court stating, per curiam, "The motion to dismiss is granted and the appeal is dismissed for want of jurisdiction. Treating the papers whereon the appeal was taken as a petition for a writ of certiorari, certiorari is denied." This action concluded that controversy, removing any purported validity of Ute's authorization to construct or arrange for the financing of the Hayden plant, and thereby rendered the existing controversy moot. The present appeal is accordingly subject to dismissal. In re Welch, 64 Wyo. 49, 184 P.2d 593.

■ Aside from the mootness, appellants' position is unsound. All aspects of their challenges are predicated either directly or impliedly upon the contention that the commission violated § 37–66, W.S. 1957, providing:

" * * * The commission shall, after such hearing * * * enter its written order approving the petition and authorizing the proposed securities transactions, unless the commission shall find: That such transactions are inconsistent with the public interest * * *."

Appellants argue that the commission did not find that the proposed transactions were inconsistent with the public interest and could not have done so because there was insufficient evidence upon which to base such a finding. Whether or not § 37–66 would admit of this insisted interpretation, which seemingly would place upon the commission or an adversary the burden of showing an inconsistency with the public interest rather than placing upon the applicant the burden of showing that its proposed activity would be consistent with the public interest, need not now be resolved. As the commission well points out, more is involved in the security authorization here sought than would properly fall under the permissive entitlements of §§ 37–65 and 37–66, sections applicable to the operations of authorized, established, public utilities in instances where the authority of the commission relates only to strictly internal financing, and not extending to certification or matters in actuality connected therewith. As previously noted, Bridger requested the commission to transfer and assign to Ute that portion of the certificate of convenience and necessity granted to it pertinent to the operation and maintenance of the facilities proposed to be transferred and Ute also asked the commission's authorization and transfer of that portion of Bridger's certificate. This properly required a compliance with the basic statutes relating to certification in which it is elementary that public convenience and necessity is the touchstone,[2] the burden of proof resting, of course, with the applicant.[3]

Affirmed.

1. Colorado-Ute Electric Association, Inc., v. Western Colorado Power Company, 385 U.S. 22, 87 S.Ct. 230, 17 L.Ed.2d 21 (rehearing denied 385 U.S. 984, 87 S.Ct. 500, 17 L.Ed.2d 445).

2. Big Horn Rural Electric Company v. Pacific Power & Light Company, Wyo., 397 P.2d 455, 457.

3. Application of Chicago & North Western Railway Company, 79 Wyo. 343, 334 P.2d 519, 521.