In the Matter of the Appeal of B. F. WELCH, a liquor licensee of Afton, Wyoming, from the decision of the Mayor and Town Council of the Town of Afton, Lincoln County, Wyoming, denying his application for the re-issuance to him of a Retail Liquor License for the said Town of Afton, Wyoming.

B. F. WELCH,

*Appellant-Appellant,*

vs.

THE TOWN OF AFTON, WYOMING, and the Mayor and Town Council of the Town of Afton, Wyoming, and G. W. Yeaman, Mayor, and G. A. Newswander, Thereon Merritt, Kenneth Johnson and Dee Meldrum, Councilmen of the Town of Afton, Wyoming, *Appellees-Respondents.*

(No. 2364; September 16th, 1947; 184 Pac. (2d) 593)

50

For the Appellant there was a brief by W. A. Muir and Glen G. Stanton, both of Rock Springs, Wyoming.

For the Appellees there was a brief by Carl Cook of Afton, Wyoming.

## OPINION

RINER, Chief Justice.

This is a direct appeal proceeding questioning the propriety of a judgment of the district court of Lincoln County which affirmed upon appeal to that court, the action of the Town Council of the Town of Afton in said county, rejecting an application to renew a retail license to sell intoxicating liquor, made to said council by one B. F. Welch, the appellant herein. The appellees are the Town and its Mayor and Councilmen.

The facts necessary to be considered in order to reach a proper disposition of the matter are these:

The appellant who had been engaged in the business of selling intoxicating liquors for several years previously under a retail license so to do, theretofore issued by the Town of Afton, on May 4, 1946, filed in the office of the Clerk of said Town, an application for another license of the same character before the expiration of the term of the license then held by Welch, i.e., he sought a renewal license. Notice of his application was duly published by the Town Clerk on May 4, 1946 in a weekly newspaper of general circulation published in said Town as required by law, stating that B. F. Welch had filed his application above mentioned

for certain premises, describing them, and that protests ,if any there were, against the issuance of such a license would be heard at "the hour of 8 :00 on the 3 day of June, 1946 in the Afton Library Building by the Town Council of the Town of Afton".

A number of written protests against the issuance of this license were presented to the Mayor and the Town Council on June 3, 1946 pursuant to said notice. The matter was then continued by these officials until June 10, 1946 when the aforesaid application of Welch was given consideration. At that time " a delegation of citizens met the Council and protested the issuance of the license." The Mayor and Council then directed that a special election be held to ascertain the wishes of the people of the Town. This was held, the result was unfavorable to such issuance and at a special session of the Council held June 25, 1946 according to its officials minutes, that body "decided unanimously to reject the license". Thereafter on June 29, following Welch filed notices of his appeal to the district court from this action on the part of the Town Council. It appears that after July 1, 1946, Welch kept his place of business open but not for the sale of intoxicating liquor, the reasonable inference to be drawn therefrom being that the license previously held by him had by that date expired. The exact date of its expiration does not seem clearly to appear in the record.

The hearing of the cause was subsequently assigned by court order to Hon. V. J. Tidball, Judge of the Second Judicial District, and July 29, 1946 the matter was presented to the court, both parties submitting additional evidence. September 29, 1946 the Judgment heretofore mentioned and of which complaint is made, was entered by the court. From that judgment the appeal to this court was taken, briefs having been filed on behalf of the several parties and on July 21, 1947,

the cause was submitted for decision here without oral argument. It is our understanding from counsel that since this case was filed here, a retail license for the sale of intoxicating liquor has been granted to either B. F. Welch or his wife by the Town of Afton acting through its Mayor and Town Council.

Section 8 of Chapter 87, Laws of Wyoming, 1935 as amended by Chapter 90, Laws of Wyoming, 1941 provides in part: "A license shall be a personal privilege, good for one year unless sooner revoked * * *".

It would appear that the instant case therefore presents only moot and abstract questions for our decision. This court has heretofore considered a similar situation in State ex rel. Schwartz vs. Jones 61 Wyo. 350, 157 Pac. 2d 993. There the appeal was dismissed as presenting only moot and abstract questions and quoting the language of the Supreme Court of Colorado in Mountain States Beet Growers Marketing Association vs. Wagner, 79 Colo. 604, 247 Pac. 804, it was pointed out that a case was moot "when no judgment rendered can be carried into effect" and in such event "the courts will not consider it". The decision of the court of appeals of Kentucky in Hudspeth vs. Commonwealth, 204 Ky. 606, 265 S. W. 18 was also referred to where the court said relative to a moot case that:

"As falling within that category it is well established that where, pending an appeal, an event occurs which makes a determination of the question unnecessary or which would render the judgment that might be pronounced ineffectual, the appeal should be dismissed." A number of other authorities were reviewed in the Schwartz case all leading to the same result.

It is perfectly clear that whatever action this court might take regarding the judgment of the District Court of Lincoln County would be rendered ineffective by the entire lapse of the year for which the license

in question was sought. Neither a reversal of the judgment below or an affirmance thereof would change the situation which now prevails in the cause one iota. The appellant's former license, it would appear, expired some time prior to July 1st, 1946 and the new license could only extend for a year from that date. Additionally it would seem that the appellant or his wife has already received from the Town Council of the Town of Afton a new license for the sale of liquor in the Town of Afton. The legality of that action by the governing body of the town is not drawn in question by the instant proceeding. We find no other course open to us but to dismiss the appeal.

*Dismissed.*

KIMBALL, J., and BLUME, J., concur.