LEE ALBERT HOUSE,

*Appellant,*

vs.

WYOMING HIGHWAY DEPARTMENT,

*Respondent.*

(No. 2417; March 15, 1949; 203 Pac. (2d) 962)

2

For Appellant the cause was submitted on the brief and oral argument of Mr. L. C. Sampson of Cheyenne, Wyoming.

For Respondent the cause was submitted on the brief of Norman B. Gray, Attorney General, John S. Miller, Deputy Attorney General, and Marion R. Smyser, Ass't. Attorney General, all of Cheyenne, Wyoming and oral argument by Mr. Miller.

## OPINION

RINER, Chief Justice.

This proceeding is one by direct appeal for the review of a judgment rendered by the District Court of Laramie County on February 6, 1948 and entered the same day which undertook to consider and decide against appellant, Lee Albert House, his "Application" to have said court determine whether the appellant was subject to suspension, or cancellation, or revocation of his automobile driver's license under the provisions of Section 15 in Chapter 162, Session Laws of Wyoming 1947. In other words, this is substantially an appeal from the action of the Wyoming Highway

Department revoking appellant's automobile driver's license under the requirements of the Section and Chapter to which reference has above been made. The appellant will be hereinafter so referred to or by his surname. The respondent, the Wyoming Highway Depart will be subsequently mentioned as such or as the "Department".

The facts upon which this proceeding arose are as follows: On the 17th day of December, 1947 about 3:30 P. M. while appellant was driving his automobile on the state highway between the City of Casper and the Town of Douglas, Wyoming and going toward said town, he was arrested by a patrolman in the employ of the respondent at a point on said highway approximately ten or fourteen miles west of said town. Thereafter appellant was taken by said officer to Douglas, Wyoming where that official filed complaint against House in the Justice Court of Honorable John Stansbury, a Justice of the Peace in and for Converse County, Wyoming charging House with operating "a motor vehicle while under the influence of intoxicating liquor". This charge was read to appellant and he thereupon entered a plea of guilty. Upon this plea the court imposed on House a fine of $25 and $5 costs. Appellant's automobile driver's license was then turned over to the Justice who thereafter made a written report to the Department accompanying which he enclosed House's license and the fine above mentioned.

Upon receipt of the report of the Justice of the Peace, Stansbury, the Department mailed to House a registered letter under date of December 20, 1947 which he duly received and which reads:

"Mr. Lee Albert House,

1108 East 6th Street,

Cheyenne, Wyoming

YOU ARE HEREBY NOTIFIED that effective this date, your privilege to operate a Motor Vehicle in the STATE OF WYOMING has been Revoked, under the provisions of Section 15, Chapter 162, Session Laws of Wyoming 1947.

REASON FOR WITHDRAWAL: Operating a motor vehicle under the influence of intoxicating liquor.

Unless previously surrendered, you are ordered to immediately return your driver's or chauffeur's license to the Driver's License Division of the Wyoming Highway Department, Cheyenne, Wyoming.

This withdrawal is effective until December 17, 1948, at which time you will receive a letter of reinstatement from this Division.

PENALTY FOR DRIVING WHILE LICENSE
IS WITHDRAWN

PUNISHABLE by a fine of not less than $25.00 or more than $100.00 or by imprisonment not more than 6 months or both fine and imprisonment.

ABOVE PENALTIES ARE ALSO PROVIDED FOR FAILURE TO SURRENDER LICENSE TO THE DRIVER'S LICENSE DIVISION.

cc: John Stansbury
    Justice of the Peace,
    Douglas, Wyoming

Wyoming Highway Department
By H. A. Dickson (Signed)
Wyoming Highway Patrol
Driver's License Division"

No attempt was made in the District Court of Converse County to obtain a review of the action of the Justice of the Peace as above described. Instead, the

proceeding in the District Court of Laramie County appears to have been instituted under the provisions of subdivisions "(3)" and "(4)" of said Section 15. As stated above, the decision of the District Court was adverse to appellant who then brought the case here for a review of the judgment thus entered against him.

The record on appeal was filed in this court June 8, 1948. August 5, 1948 upon stipulation of counsel for both parties, the time for filing appellant's brief and abstract was extended by order until September 7, 1948. On the first of that month appellant's brief and abstract were duly filed here. Thereafter and within apt time on October 1, 1948 respondent's brief was filed. No request was submitted that the cause be advanced for hearing. The case was argued and taken under advisement January 31, 1949.

Section 60-414 W. C. S., 1945 provides in part:
"(a) It is unlawful and punishable as provided in subdivision (b) of this Section for any person who is a habitual user of narcotic drugs or any person who is under the influence of intoxicating liquor or narcotic drugs to drive any motor vehicle within this State.
"(b) Every person who is convicted of a violation of this Section shall be deemed guilty of a misdemeanor."

The penalty imposed for such violation of law and constituting a misdemeanor as stated in the quotation above made, appears to be set forth in Section 60-701 W. C. S. 1945. These several statutory provisions were all a part of Chapter 126, Laws of Wyoming 1939 and now for the most part appear in Articles 3 to 7 inclusive, Chapter 60 W. C. S. 1945.

So far as material to be considered here, Section 15 of Chapter 162, Laws of Wyoming 1947 provides:
"(1) Whenever any person is convicted of any offense for which this Act makes mandatory the revocation of the driver's or chauffeur's license of such person by the

Department, the court in which such conviction is had shall require the surrender to it of all driver's or chauffeur's licenses then held by the person so convicted and the court shall thereupon forward the same together with a record of such convictions to the Drivers' License Division. Every court having jurisdiction over offenses committed under this Act, or any other Act of this State regulating the operation of motor vehicles on highways, shall forward to the Drivers' License Division a record of the conviction of any person in said court for a violation of any said laws other than regulations concerning standing or parking and may recommend the suspension of the driver's or chauffeur's license of the person so convicted. For the purpose of this Act, the term 'conviction' shall mean final conviction.

"(2) The Department shall forthwith revoke the license of any person, for a period of twelve (12) months, upon receiving satisfactory evidence of the conviction in a court of record, justice or municipal court, or of the entry of the plea of guilty and sentence thereupon, or of the forfeiture of bail of any such person charged with the commission of any of the following crimes:

\* \* \*

"(b) Driving a motor vehicle while intoxicated or under the influence of a narcotic drug;"

It is evident that under the law and the facts as recited above the time has lapsed in which any judgment given by this court could be effective. House was entitled on December 17, 1948 to have the privilege of driving an automobile restored to him as provided in Section 15, Chapter 162, Laws of Wyoming, 1947, subdivision 2 set forth above and as stated in the letter of the Department to House, also quoted above. The case is, therefore, moot.

In State vs. Jones, 61 Wyo. 350, 157 Pac. 2d 993 we had occasion to consider what the courts look upon as a moot case and many authorities are therein cited both on that point and what should be done with litigation

of that character. To briefly reiterate what was in that case said, we again call attention in part to the language of the Kentucky Court of Appeals in Hudspeth vs. Commonwealth, 204 Ky. 606, 265 S. W. 18 as follows:

"As falling within that category (what constitutes a moot case) it is well established that where, pending an appeal, an event occurs which makes a determination of the question unnecessary or which would render the judgment that might be pronounced ineffectual, the appeal should be dismissed."

So, in Diederichsen vs. Sutch, 47 Cal. App. 2d 646, 118 Pac 2d 863 also quoted in the Jones case supra, it was said:

"Questions involved in an appeal may become moot by reason of the acts of the legislature, of the parties, or by lapse of time."

An order of dismissal of this appeal is proper under the circumstances here appearing and the authorities applicable and such an order should be entered.

As a consequence we do not find it necessary to discuss the main questions argued by the parties herein but they will, for the most part, be found disposed of in our consideration of case No. 2424, Morad vs. Wyoming Highway Department, this day decided.

*Dismissed.*

KIMBALL, J., and BLUME, J. concur.