**Jesse R. WALLACE, Appellant**
**(Defendant below),**

v.

**CASPER ADJUSTMENT SERVICE,**
**Appellee (Plaintiff below).**

**No. 4077.**

Supreme Court of Wyoming.

Aug. 15, 1972.

James W. Owens, of Murane, Bostwick, McDaniel, Scott & Greenlee, Casper, for appellant.

Joseph E. Vlastos and Weston W. Reeves, of Cardine & Vlastos, Casper, for appellee.

Before McINTYRE, C. J., and PARKER, McEWAN and GUTHRIE, JJ.

PER CURIAM.

Plaintiff, Casper Adjustment Service, appellee herein, brought suit against defendant, appellant herein, to recover upon three checks given by appellant, each in the sum of $10 and dated May 17, 20, and 21, 1971, payable to Safeway and assigned by it to plaintiff. Each was returned because of "insufficient funds." In addition to the face amount of the checks there was a claim made for the sum of $10 collection fee and 51 cents due Safeway as certified mailing charge for demand for payment for each check. The justice court entered judgment for the total claim in the sum of $61.53 for these checks and fees in addition to the costs. This judgment was appealed and judgment for the same amount was entered by the district court.

After receipt of these checks Safeway notified Wallace by certified mail on June 6, which notice was received June 7, of their return and that he had five days to pay these checks. On June 17 Safeway assigned these checks to Casper Adjustment, the checks having been delivered to them on June 8. After a visit to the office of Casper Adjustment on June 18 where he tendered them $30, Wallace mailed a money order to Safeway in the sum of $30 on June 18, which was delivered by Safeway to Casper Adjustment. When Wallace came into the office of appellee he offered to pay the $30 for these checks. He refused to pay a collection fee or any part thereof, and suit was thereafter brought and garnishment issued for the amount of these checks paid into court. Judgment was entered on June 29, 1971, and the money order for $30 which had been deliv-

ered to Safeway was retained by Casper Adjustment until July 16, 1971.

Appellant herein raises many questions, including the contention that Casper Adjustment was illegally engaged in the practice of law in both justice and district court; that there was a tender by the appellant which would have cut off any further action and avoided the cost of collection and a collection fee; that there was an accord and satisfaction because of the acceptance of appellant's money order and its retention for approximately a month; that there is no showing in the record that the collection fee for $30 was reasonable; that the court committed certain errors in refusing to allow evidence of the normal collection practices on insufficient fund checks which resulted in automatic doubling thereof; and that § 6–42.1, W.S.1957, 1971 Cum.Supp., is void as a denial of the equal protection and due process clauses of the constitution, and also void because this is not a criminal statute although it is purported to be.

■ Because of the status of the record this court cannot reach or discuss any of these contentions except the failure of proof of the reasonableness of the so-called collection fee. Because the same is decisive hereof it is unnecessary to discuss or decide the other contentions, although they be of academic interest or potentially determinative of other such cases, since they are not requisite to adjudication of this case. Druley v. Housesheldt, 75 Wyo. 155, 294 P.2d 351, 355, rehearing denied 296 P.2d 251.

■ There is no evidence in the record as to the reasonableness of the fee or any figure upon which the trier of fact could make such finding, and nothing from which any such calculation could be made.

Spencer, who is manager of Casper Adjustment, testified that the reason he charged the fee was because of the time spent in collection of the checks. There is no estimate of the time spent or value of his time or estimate of the cost of the office proceedings of which there is some testimony. In the absence of any tangible factor from which any computation could possibly be made this finding has no basis in the evidence.

Appellee seeks to avoid the consequences of this by reliance upon the suggestion that the rules governing a reasonable attorney fee in collections of notes should be applied to this situation and that if the matter be tried without a jury the fee can be fixed in the court's discretion, citing 11 C. J.S. Bills and Notes § 726, p. 278. This court cannot correlate the activities of a collection agency with an attorney fee, nor have we found in any of our research any cases wherein 100 percent of the face of the note was ever deemed a reasonable attorney fee.

■■ Another reason this contention is inapplicable is that the discretion allowed the trial courts in setting of reasonable fees is based upon their experience and knowledge in that professional field in which they are deemed to have peculiar competence.[1] However, this rule is not universally followed and courts do hold that it is fundamental and necessary that some proof is required or there be some evidentiary base for a finding even in a determination of a reasonable attorney fee.[2] For this reason the judgment must be reduced by the total sum of the collection fee, being $30. In addition thereto the claim for $1.53 for mailing items on each of such checks must be reduced by $1.02 as the record shows there was only one enclo-

1. In re Dow's Estate, 149 Cal.App.2d 47, 308 P.2d 475, 485; Peyre v. Peyre, 79 Cal. 336, 21 P. 838, 839.

2. Lyle v. Lyle, Fla.App., 167 So.2d 256, 257, certiorari denied Fla., 172 So.2d 601;

Crouch v. Pixler, 83 Ariz. 310, 320 P.2d 943, 946; F.M.A. Financial Corporation v. Build, Inc., 17 Utah 2d 80, 404 P.2d 670, 673, which reiterates it is fundamental that the judgment be based on some finding of fact.

sure of the three notices. The trial court is directed to reduce the judgment entered herein by the total sum of $31.02 and that no costs be allowed plaintiff.

Reversed with directions.