601 P.2d 545 (1979)
Edmund GILL and Cherry Gill, Appellants (Plaintiffs),
v.
Chuck SCHAAP and Chuck Schaap, d/b/a Teton Mountaineering, Appellee (Defendant).
No. 5106.
Supreme Court of Wyoming.
October 22, 1979.
*546 Elizabeth Joiner, Jackson, on the briefs, for appellants.
Travis W. Moffat argued, Lander, for appellee.
Before RAPER, C.J., and McCLINTOCK, THOMAS, ROSE and ROONEY, JJ.
ROONEY, Justice.
This is a personal injury negligence action. Appellants-plaintiffs appeal from a summary judgment for appellee-defendant on the ground that the matter presented a genuine issue of material fact. Since we do not find a genuine issue of a material fact, we affirm.
The following facts are not in dispute. Appellee Chuck Schaap is the sole proprietor of a retail sports shop in Jackson. He carries on the business under the name of Teton Mountaineering. He owns a 1974 Dodge pickup truck registered in the name of Teton Mountaineering. He customarily leaves the keys to the truck on its floor-board. On the day before departing Jackson on an extended trip, appellee authorized Norm Larsen, a former employee and a friend, to use the pickup in accomplishing repair of Larsen's own vehicle. Larsen returned the truck to the situs of Teton Mountaineering on the day appellee departed on his trip. Larsen left the keys somewhere in the truck. Thereafter and on the same day, Jan Olsen used the truck to jump-start his automobile. Jan Olsen was employed by appellee and had been so employed for several years. He was also a friend of appellee. Larsen had talked to Olsen about Olsen's use of the truck for this purpose before such use. During appellee's absence on the trip, Olsen used the truck from time to time; and on Sunday, February 5, 1978, he took the truck to go to Wilson, Wyoming, where he became intoxicated at the Stagecoach Bar. After leaving the bar, he drove the truck on a side road where appellants were walking, striking them and causing personal injuries to appellant Edmund Gill.
The complaint named Norm Larsen, Jan Olsen and appellee as defendants. Larsen was granted a summary judgment, and no appeal was taken from it. Subsequently, the summary judgment was granted to appellee from which this appeal is taken. Originally, the summary judgment did not comply with the requirements of Rule 54(b), W.R.C.P., by not reciting the facts that there was no just reason for delay in entry of the judgment and that it should be entered as a final judgment with reference to appellee. The appeal was dismissed for such failure. Wheatland Irrigation District v. Two Bar-Muleshoe Water Company, Wyo., 431 P.2d 257 (1967); Olmstead v. Cattle, Inc., Wyo., 541 P.2d 49 (1975). It was reinstated when the trial court entered *547 an order and final judgment containing such recitals and noting that the claim against Olsen "has been compromised and settled."
Appellants contend that issues of fact lie in whether or not there was an "employer-employee and permissive relationship between" appellee and Olsen. Appellants acknowledge that "negligent entrustment"[1] is not an issue, and they contend that the case is not one of simple bailment.
An employer-employee status alone is not sufficient to hold the employer liable for negligent acts of the employee. For such liability to attach, the acts must be accomplished in the "scope of employee's employment." Combined Insurance Company of America v. Sinclair, Wyo., 584 P.2d 1034 (1978); Miller v. Reiman-Wuerth Company, Wyo., 598 P.2d 20 (1979). In the latter case, we noted that although generally the determination as to whether or not one is acting within the scope of employment is a question of fact for the jury, the definition of "scope of employment" and the standard under which it is ascertained, are questions of law for the court. We there detailed the meaning and application of the term "scope of employment." Under the facts of this case, the jury would be unable to rationally find Olsen to have been acting in the scope of employment under instructions given pursuant to the meaning and application of the terms as there set forth. For example, it could not so find that Olsen's conduct was of the kind he was employed to perform; that it was actuated, at least in part, by a purpose to serve appellee; that it was accomplished during a period which had a reasonable connection with the authorized period of employment; and that it was accomplished in the area authorized for performance of the employment or in a locality not unreasonably distant from it.
With reference to appellants' argument of liability arising out of "permissive relationship" or "implied permission," we note that Wyoming does not have an "owner liability" statute as do some other states.[2] Such statutes establish liability upon the owner of an automobile for negligence of the person operating it with the owner's express or implied permission. We also note that the responsibility for payment by an insurer of an automobile is often an issue under the "omnibus clause" of an insurance contract. Some cases cited by appellants with reference to liability under "implied permission" are from states with "owner-liability" statutes and are, therefore, not pertinent. Other cases cited by appellants which concern the "omnibus clause"[3] in insurance contracts are not applicable to the situation here before us. Nor is appellants' argument applicable in this respect. The cases and the argument would be applicable in the determination as to whether or not the insurance company was responsible for payment of a judgment against Olsen  the question being whether or not Olsen was an insured under the insurance contract (assuming it had the standard omnibus clause) as one driving with express or implied permission of the owner and within the scope of the permission. Such is not the case here. Under appellee's insurance policy, his carrier may *548 be responsible for a judgment against him for negligence in operating the truck or for negligent entrustment of the truck  but these issues are not here presented. Appellee's insurance policy may make the insurance carrier liable under the omnibus clause for a judgment against Olsen based on his negligent operation of the truck, but the issue here is not to determine the insurance carrier's liability for a judgment against Olsen. Rather, it is to determine the propriety of a possible judgment against appellee based on his liability for appellants' damages without regard to an insurance contract.
Once this distinction is recognized, the non-existence of a fact issue involving permissive use which is material to the resolution of this case is obvious.
Applying the following standard by which we must consider an appeal from a summary judgment, we cannot find a genuine issue of material fact upon which to base a reversal of the summary judgment. The burden of showing absence of a genuine issue of a material fact is upon the party moving for the summary judgment; and we look at the record from the view-point most favorable to the party opposing the motion, giving to him all favorable inferences to be drawn from facts contained in affidavits, exhibits, depositions and testimony. Miller v. Reiman-Wuerth Company, supra; Bluejacket v. Carney, Wyo., 550 P.2d 494 (1976).
Affirmed.
NOTES
[1] The term "negligent entrustment" refers to liability of a supplier for damage proximately caused by the concurrence of his act of entrustment of an automobile to one, whom he knew or should have known was incompetent, inexperienced or reckless, with an act of negligence by the entrustee on account of such incompetence, inexperience or recklessness. Plummer v. Henry, 7 N.C. App. 84, 171 S.E.2d 330 (1969); Saunders v. Vikers, 116 Ga. App. 733, 158 S.E.2d 324 (1967); Hines v. Nelson, Tex.Civ. App., 547 S.W.2d 378 (1977); Finch v. Canaday, 75 Wyo. 472, 297 P.2d 594 (1956). Olsen was described and characterized as a mature person, 29 years of age, with no physical or mental handicaps, with a valid driver's license, and 11 years of driving experience, never having been previously involved in an accident while operating a motor vehicle and having received only one moving vehicle citation which was for failure to completely stop at a stop sign.
[2] Such as California, Minnesota, Idaho, New York, Iowa, Michigan, and North Carolina.
[3] Such clause usually includes within the definition of "insured," one who operates the motor vehicle with permission of the owner and within the scope of such permission.