**The SAGE CLUB, Appellant (Defendant),**

**v.**

**David Leland HUNT, Appellee (Plaintiff).**

**No. 5532.**

Supreme Court of Wyoming.

Dec. 31, 1981.

Claude W. Martin of Brown, Drew, Apostolos, Massey & Sullivan, Casper, on behalf of appellant.

James R. McCarty, Casper, on behalf of appellee.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

BROWN, Justice.

Appellant, The Sage Club, appeals a judgment entered against it in a lawsuit arising out of an altercation between a bartender employed at the club, Mr. Thyfault, and a customer, appellee David Leland Hunt. The trial court entered a default judgment against Mr. Thyfault and held The Sage Club liable under the theories of respondeat superior and negligence in continuing to employ Mr. Thyfault. Appellant asserts that it cannot be held liable for the intentional tort of its employee because the tort was personal to Mr. Thyfault and was not within the scope of employment.

We affirm.

I

A dispute took place over money which appellee had left on the bar. Appellee thought that someone, supposedly Thyfault, had taken more money than he was entitled to take for his drinks. Mr. Thyfault undoubtedly resented the insinuation, so he jumped over the bar and attacked appellee. Thyfault hit appellee in the face, breaking his nose and inflicting other bruises, and then threw appellee down the stairs, reinjuring his back.

This court has held that an employer may be held liable for the negligent acts of an employee acting within the scope of employment, *Gill v. Schaap*, Wyo., 601 P.2d 545 (1979); *Miller v. Reiman-Wuerth Company*, Wyo., 598 P.2d 20 (1979); *Combined Insurance Company of America v. Sinclair*, Wyo., 584 P.2d 1034 (1978); and *Stockwell v. Morris*, 46 Wyo. 1, 22 P.2d 189 (1933). We have not, however, had occasion to rule on whether an employer may be held responsible for the intentional tort of an employee. The majority rule, in fact the universally accepted rule, holds employers liable for the intentional torts of employees committed within the scope of employment. Prosser, Law of Torts, § 70, p. 464 (4th ed., 1971). The rule is a matter of economic and social policy, based both on the fact that the employer has the right to control the employee's actions and that the employer can best bear the loss as a cost of doing business. The Restatement (Second), Agency 2d § 245, p. 537 (1958), phrases the rule as:

"A master is subject to liability for the intended tortious harm by a servant to the person or things of another by an act done in connection with the servant's employment, although the act was unauthorized, if the act was not unexpectable in view of the duties of the servant."

We agree with the accepted rule and hold that an employer may be held liable for the intentional tort of an employee if the employee is acting within the scope of employment.

Appellant here contends that Mr. Thyfault was not acting within the scope of employment because the altercation which took place was a personal one between Thyfault and appellee. The question of whether an employee is acting within the scope of employment is one for the trier of fact, in this case the trial court, and becomes a question of law when only one reasonable inference can be drawn about the question from the evidence. *Miller v. Reiman-*

*Wuerth Co.,* supra, at 23. We think the evidence here was sufficient to show that Thyfault was acting within the scope of employment when he attacked appellee. We said in *Combined Insurance Co. of America v. Sinclair,* supra, at 1041, that in general the servant's conduct is within the scope of his employment, "if it is of the kind which he was employed to perform, occurs substantially within the authorized limit of time and space, and is actuated, at least in part, by a purpose to serve the master," citing Prosser, Law of Torts, supra, p. 461 (4th ed.). Here, Mr. Thyfault's duties included collecting money for drinks, and he lost his temper over that matter. His duties also included keeping order in the bar and removing disruptive customers, which Thyfault apparently tried to do by pushing appellee down the stairs.

Appellant relies on *Lombardy v. Stees,* 132 Colo. 570, 290 P.2d 1110 (1956), for the proposition that since the assault was purely personal, it was not within the scope of employment. In that case, however, the evidence showed that the only express instruction to the bartender was that if anyone got too much to drink he was not to be served further. The bartender there had no authority to act as a bouncer; Thyfault did, and his employment was of such a nature as to contemplate the use of force. Indeed, the owner of The Sage Club testified that Thyfault sometimes had to remove people from the club on a daily basis.

■ In addition to the facts set out in *Combined Insurance Co. of America v. Sinclair,* supra, an important factor in deciding a principal's liability for his agent's intentional torts is whether "the use of force is not unexpectable by the master." Restatement (Second), Agency 2d § 228(1)(d), p. 504 (1958). Where the nature of the employment is such that the master must contemplate the use of force by the servant, the master will be held liable for the willful act of the servant even though he had no knowledge that the act would take place. *Jones v. Herr,* 39 Or.App. 937, 594 P.2d 410 (1979). The employer need not have foreseen the precise act or exact manner of injury as long as the general type of conduct may have been reasonably expected. *Riviello v. Waldron,* 47 N.Y.2d 297, 418 N.Y. S.2d 300, 391 N.E.2d 1278 (1979). Some who frequent grogshops are not the most docile members of society. Where an employee is serving in this type of environment as a bartender, the master is usually responsible if the employee loses his temper and willfully injures a patron because the result is foreseeable in view of the servant's job.

■ This court will therefore not indulge in nice distinctions to determine whether the excessive force was motivated by personal reasons. It is appellant's misfortune to have hired a quarrelsome and violent bartender who in turn attacked a plaintiff experienced at collecting on injury claims. Appellant evidently allowed Thyfault to use force at his discretion, and he was performing work of the kind he was employed to perform. The assault occurred within the authorized limits of time and space and was motivated, at least partially, by a desire to serve The Sage Club. Appellant is consequently vicariously liable to Mr. Hunt under the doctrine of respondeat superior.

## II

The trial court also ruled that The Sage Club was liable under a theory of negligence in maintaining Mr. Thyfault as an employee. Since we have already affirmed on the basis of respondeat superior, we do not need to address the issue of negligence.

Affirmed.

THOMAS, Justice, dissenting.

I cannot join in the opinion of the court in this instance, even though I have no disagreement with the accuracy of the concepts of law and fact which are there set forth. The sole reason I cannot join is that in my judgment this appeal should have been dismissed.

In addition to its other findings, the district court found as follows:

"6. That the Defendant, Sage Club, was negligent in keeping the Defendant, Joe Thyfault as an employee after he had

displayed vicious and aggressive behavior and that Plaintiff's injuries are a result of said negligence.

"7. That the Defendant, Sage Club, is liable to Plaintiff for damages listed in paragraph 3 other than punitive damages as a result of said negligence.

\* \* \* \* \* \*

"9. If an employer is negligent in keeping an employee who exhibits aggressive and quarrelsome tendencies and the employee assaults a customer while on duty, the employer is liable for damages resulting from the employer's negligence."

In these findings the district court stated an alternative basis for the liability of The Sage Club other than respondeat superior. I cannot read into the appellant's brief any attack upon these findings of independent negligence. The tenor of the argument is only that the doctrine of respondeat superior does not justify the finding of liability in this instance. While appellant at oral argument attacked the sufficiency of the evidence to support the finding of independent negligence, that matter is not addressed in appellant's docketing statement.

In his docketing statement the appellant in part of his "Statement of the Nature of the Proceedings" said with respect to the finding of the district court: "The Court below held the employer of the bartender liable on the theory of vicarious liability." No mention is made of the independent negligence of The Sage Club. In stating the "Questions Presented by this Appeal" the appellant refers only to the tort being committed "outside the employee's employment." The brief which was submitted is consistent with the docketing statement. The issue of sufficiency of the evidence to support independent negligence on the part of the employer was waived. *Roberts Construction Company v. Vondriska*, Wyo., 547 P.2d 1171 (1976); *Barber v. Barber*, Wyo., 349 P.2d 198 (1960), and the authorities cited therein.

The case for me therefore becomes one in which even if the court had agreed with counsel's argument about respondeat superior no relief could have been afforded to the appellant, and no judgment finding error on the part of the trial court could have become effective because The Sage Club would still have been liable based upon its independent negligence.

In *North Laramie Land Co. v. Hoffman*, 28 Wyo. 183, 201 P. 1022 (1921), the Court said at 28 Wyo. 187, 201 P. 1022:

" \* \* \* If it be made to appear to an appellate court that the questions involved are no longer of any practical importance to the parties the case will not be reviewed on the merits merely to determine who shall pay the costs. \* \* \* "

In *Druley v. Houdesheldt*, 75 Wyo. 155, 294 P.2d 351 (1956), the Court, with respect to two questions posed by the appellees, there said at 75 Wyo. 165, 294 P.2d 351:

"These questions, while of academic interest and potentially determinative in certain instances, are not requisite to adjudication of this case and need not be discussed."

In *Matter of Estate of Frederick*, Wyo., 599 P.2d 550, 558 (1979), the Court said, of issues found to be moot:

" \* \* \* While these issues are sharply drawn, no doubt significant, and somewhat intriguing, we conclude that they are illusory for adversarial purposes because of the mootness injected into this case by our disposition of Case No. 5029. Proper application of the principles of judicial restraint leads to the conclusion that we should not here address these issues because our opinion under the circumstances would be advisory only. *House v. Wyoming Highway Department*, 66 Wyo. 1, 203 P.2d 962 (1949); *Welch v. Town of Afton*, 64 Wyo. 49, 184 P.2d 593 (1947). Cf., *State ex rel. Schwartz v. Jones*, 61 Wyo. 350, 157 P.2d 993 (1945)."

In *Northern Utilities, Inc. v. Public Service Commission of Wyoming*, Wyo., 620 P.2d 139, 140 (1980), the Court in a published order dismissing appeal said:

"2. When pending appeal an event occurs which makes a determination of the question involved unnecessary the appeal should be dismissed. *In the Matter of the Estate of Frederick*, Wyo.1979, 599 P.2d 550, 558; *House v. Wyoming Highway*

*Department*, 1949, 66 Wyo. 1, 203 P.2d 762."

In *Reno Livestock Corporation v. Sun Oil Company*, Wyo., 638 P.2d 147, 154 (1981) this court said:

" * * * When no controversy exists, courts will not consume their time deciding moot questions nor decide cases to arise in the future. *Northern Utilities, Inc. v. Public Service Commission*, Wyo., 617 P.2d 1079, 1085 (1980) and cases there cited. * * * "

The court at a later point, at 638 P.2d 155, said:

" * * * We will not decide questions not requisite to adjudication and being only of academic interest. *Wallace v. Casper Adjustment Service*, Wyo., 500 P.2d 72 (1972)."

Because I am persuaded that no attack is mounted upon the alternative basis of liability in this case which is the independent negligence of The Sage Club, it is my view that it is unnecessary to determine the question of respondeat superior. The issue presented by this appeal was moot and illusory from the time the docketing statement was filed. It is for these reasons that I would hold that the appeal should have been dismissed rather than determined.