**WYOMING DEPARTMENT OF EMPLOYMENT, DIVISION OF UNEMPLOYMENT INSURANCE, Appellant (Respondent),**

v.

**Bernice M. BANKS, Appellee (Petitioner).**

**No. 92–260.**

Supreme Court of Wyoming.

June 22, 1993.

Karen A. Byrne, Cheyenne, for appellant.

Mark W. Harris of Harris, Morton and Cown, P.C., Evanston, for appellee.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

GOLDEN, Justice.

The Wyoming Department of Employment, Division of Unemployment Insurance (agency) appeals the district court's decision which reversed the decision of the Unemployment Insurance Commission (UIC) denying the request of Bernice M. Banks (claimant) for waiver of repayment of unemployment benefits which the agency had determined it had overpaid the claimant.

We reverse the district court's decision and remand with directions that the district court reinstate UIC's decision.

The agency presented this issue:

1. Whether the Wyoming Department of Employment, Division of Unemployment Insurance properly determined that recovery of benefits overpaid to Claimant Bernice M. Banks should not be waived pursuant to W.S. 27–3–409(b).

The claimant rephrased the issue in this way:

I. Did the Wyoming Department of Employment, Division of Unemployment Insurance properly determine that claimant Bernice M. Banks was not entitled to a waiver of alleged overpayment of unemployment benefits?

A. Was the action of the Department in denying claimant a prompt hearing concerning her request to waive the alleged overpayment unlawful and unreasonable or without observance of procedure required by laws of the State of Wyoming?

B. Was the action of the Department contrary to claimant's rights under the Wyoming Employment Security law?

C. Was the action of the Department arbitrary and capricious and/or supported by substantial evidence?

## FACTS

Southwestern Wyoming Alcohol Rehabilitation Association (SWARA) in Rock Springs, Wyoming, employed claimant full-time as a prevention specialist. The dates of her employment were January, 1987, until March 18, 1988. On March 7, 1988, while employed by SWARA, claimant took a part-time job with Lynpaj, d/b/a the Kasbah. According to claimant, she quit her SWARA employment "to return to school and * * * [due to] the emotional turmoil that was in that office." She filed a claim for unemployment compensation benefits. On her claim form she described the primary reason for her quitting SWARA as: "Reached point I could not handle related pressure of this position." She was awarded and began receiving benefits. She quit her part-time job with Lynpaj on April 30, 1988.

In the summer of 1988, the agency conducted a quality control audit during which it randomly selected the claimant for an interview to determine whether her benefits met all legal requirements. From the audit, the agency determined that claimant was disqualified from receiving benefits because she had quit her SWARA job for personal reasons. On September 13, 1988, the agency mailed a notice of disqualification to claimant informing her that she had ten days in which to file a protest of the disqualification decision. She did not file a protest to that decision.

On September 16, 1988, the agency mailed an overpayment determination to claimant informing her that she had received an overpayment of unemployment insurance benefits; that the agency could waive recovery of this overpayment if she could establish that recovery was against equity and good conscience; and that she must within ten days provide the agency with her written reason that recovery was unwarranted. Apparently, the agency did not mail the overpayment determination to claimant's correct address until September 26, 1988. On October 6, 1988, claimant mailed a letter to the agency in which she requested a hearing to seek the agency's waiver of the overpayment recovery.

Over the next several years, the agency held several proceedings in which it was determined that claimant's request for a waiver hearing was untimely made. Ultimately, the agency reversed this determination and conducted the hearing from which this appeal arises. In the meantime, however, the agency had filed suit against the claimant for the recovery of the overpayment in the sum of $2,754 and obtained a default judgment against the claimant in that amount. She did not appeal that judgment.

On March 2, 1992, the agency's chief appeals examiner held a hearing of claimant's appeal of the deputy appeals examiner's earlier decision denying her request for waiver of overpayment recovery. The chief appeals examiner affirmed the waiver denial. As of that date, the agency had recovered $1,900 of the $2,754 judgment through garnishment of claimant's wages.

On April 21, 1992, UIC considered claimant's appeal of the chief appeals examiner's decision. UIC affirmed that decision and made additional findings and conclusions. In particular, UIC held that claimant's presentation had failed to meet the criteria for waiver of overpayment set forth in the agency's regulations adopted to implement Wyo.Stat. § 27-3-409(b) (1991) relating to waiver.

Claimant filed her petition for review of UIC's decision to the district court; the court reversed UIC's decision. The agency lodged this appeal. We are informed by the parties that to date only $100 of the $2,754 overpayment remains unpaid.

## DISCUSSION

We proceed with our review of UIC's action as if the agency's petition for review had come directly from UIC, giving no special deference to the district court's appellate decision. *Union Pacific R.R. Co. v. Wyoming State Bd. of Equalization,* 802 P.2d 856 (Wyo.1990); *Southeast Wyoming Rehabilitation Center v. Employment Sec. Comm'n,* 781 P.2d 918 (Wyo. 1989). Our standard of review is as follows:

(c) To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:

(i) Compel agency action unlawfully withheld or unreasonably delayed; and

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

(B) Contrary to constitutional right, power, privilege or immunity;

(C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;

(D) Without observance of procedure required by law; or

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

WYO.STAT. § 16–3–114(c) (1990).

With respect to the agency's waiver of recovery of overpayment of benefits, the legislature has provided:

(b) An individual receiving benefits under this act to which he is not entitled shall be liable for and repay any such benefit. Repayment of the benefits shall be had either by recoupment, recovery by civil action or both:

(i) The department in its discretion, may recoup the benefit amount liable to be repaid by offsetting, without civil action, against future benefits payable to the individual under this act within three (3) years from the date of an overpayment determination. There shall be no recoupment if an individual is without fault in receiving the benefits and it defeats the purpose of this act or is against equity and good conscience as considered by the department in accordance with regulations of the commission;

(ii) The department may also recover overpaid benefits from an individual by civil action brought in the name of the department.

WYO.STAT. § 27–3–409(b)(i), (ii) (1991).

To implement these statutory provisions relating to the agency's waiver decision, the agency has adopted regulations which read as follows:

Section 1. *Fault Criteria.* In determining whether a claimant is without fault for purposes of deciding whether to waive recovery of overpaid benefits under W.S. § 27–3–409, the Division shall consider the following criteria:

(a) Whether the claimant made an incorrect statement of facts of a material nature in order to collect benefits; or

(b) Whether the claimant knew or should have known that the statement he gave the Division was incorrect; or

(c) Whether the claimant failed to disclose or caused another person to fail to disclose a material fact in connection with a claim for benefits; or

(d) Whether the claimant knew or should have known the fact not disclosed was material; or

(e) Whether the claimant knew or should have known he was not entitled to benefits; or

(f) Whether the overpayment resulted directly or indirectly, in whole or part, from some other erroneous act or omission of the claimant, which he knew or should have known was wrong; or

(g) Any other relevant factor.

Section 2. *Equity and Good Conscience and Defeats the Purpose of the Act Criteria.* In determining whether recovery of an overpayment defeats the purpose of the Employment Security Law or is against equity and good conscience for the purpose of deciding whether the overpayment of benefits shall be waived, the Division shall consider the following criteria:

(a) The extent to which recovery of the overpayment would create an extreme financial hardship on the claimant. Extreme financial hardship as used herein means the claimant would be unable to provide himself or his immediate family with minimal necessities of food, clothing, medicine, and shelter as a result of the Division recovering the overpayment. Extreme and lasting financial hardship shall be extreme as described above and lasting means that the financial hardship may be expected to endure for more than 120 days.

(b) The extent to which an agent of the Division made an error which contributed to causing the overpayment of benefits. However, such an error shall not include making a decision to pay benefits which was reversed through the appeals process.

(c) Any other relevant factor, provided the claimant is without fault.

Div. Unemploy. Ins., Dep't of Employ., Rules and Regulations, ch. XXXII, §§ 1, 2 (1990).

 The claimant bears the burden of proof in establishing grounds for a waiver. *See Casper Iron & Metal Inc. v. Unemployment Ins. Comm'n*, 845 P.2d 387 (Wyo.1993) and *In re Application of Chicago & North Western Ry.*, 79 Wyo. 343, 334 P.2d 519 (1959). At the hearing claimant stated that she wished the agency would waive recovery of the overpayment

because I don't believe that I in any way defaulted or frauded the Unemployment Security Commission. I answered all the questions. I played the game. I gave you all the information you asked for, and I think you are denying me my benefit from SWARA based on part-time work at the Casbah.

Claimant introduced no evidence as to whether the agency's recovery of the overpayment would create an extreme financial hardship on her. She introduced no evidence of the type referred to in the agency's regulations concerning waiver criteria. Instead of addressing these criteria, claimant presented argument related to the agency's disqualification decision and the subsequent overpayment determination. It must be remembered, however, that she had failed to protest timely that disqualification decision. She had failed to answer the agency's civil action seeking recovery of the overpayment. She had allowed a default judgment to be entered against her. She had appealed neither the disqualification decision nor the default judgment. Those matters were not properly the subject of the hearing; waiver of the recovery of the overpayment was.

Having carefully reviewed UIC's decision according to our standard of review, and finding no error in that decision, we affirm. We reverse the district court's decision and order reinstatement of UIC's decision.

THOMAS, J., filed a dissenting opinion.

THOMAS, Justice, dissenting.

If the case is to be decided on its merits, I am satisfied the majority correctly determined to reverse the decision of the trial court and order reinstatement of the decision of the Unemployment Insurance Commission (UIC). As to the merits, however, I am satisfied the court has overlooked action in excess of the jurisdiction of the district court. The findings of the court incorporated in the order, review of which was sought, together with its conclusions of law, admittedly accomplished by counsel for the petitioner, focused upon procedural errors in the proceedings before the commission. The ruling, however, affords substantive relief in the form of granting a request for waiver of an overpayment, a matter committed by statute to the discretion of the commission.

The scope of judicial review is set forth in WYO.STAT. § 16–3–114(c) (1990), as follows:

(c) To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:

(i) Compel agency action unlawfully withheld or unreasonably delayed; and

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

(B) Contrary to constitutional right, power, privilege or immunity;

(C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;

(D) Without observance of procedure required by law; or

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

In *State ex rel. Wyoming Workers' Compensation Div. v. Hollister*, 794 P.2d 886, 889 (Wyo.1990), we said:

The inhibition upon substitution of the court's judgment for that of the agency has to extend to the affirmative relief afforded by the district court in this instance. It follows that the order of the district court awarding total disability benefits must be reversed, and the district court appropriately should remand the case to the office of hearing examiners after setting aside its determination

on the ground that it is not in accordance with law.

A failure to limit the review authority appropriately as required in *Hollister* amounts to action in excess of the statutory jurisdiction of the court. Furthermore, the invasion of the prerogatives of the executive branch of government potentially violates WYO.CONST. Art. 2, § 1.[1] Such an invasion could only be accomplished in violation of a constitutional inhibition upon the jurisdiction of the judicial department of government.

I do not agree that the case should have been decided on its merits. I would hold that the appeal should be dismissed because the issue is moot. The effect of the decision of the trial court was to reverse the decision of the UIC that recovery of the benefits paid to Banks had not been waived. In the meantime, it appears that the UIC had recovered a default judgment against Banks, and the vast majority of the overpayment already had been collected by garnisheeing her wages in her new job. We have a long history of steadfastly refusing to review a case in which the issue is moot. *Davidson v. Sherman*, 848 P.2d 1341 (Wyo.1993); *Mari v. Rawlins Nat'l Bank*, 794 P.2d 85 (Wyo.1990); *Foster v. Wicklund*, 778 P.2d 118 (Wyo.1989); *Oukrop v. Wyoming Bd. of Dental Examiners*, 767 P.2d 1390 (Wyo.1989); *Graham v. Wyoming Peace Officer Standards and Training Comm'n*, 737 P.2d 1060 (Wyo. 1987); *In Interest of AJ*, 736 P.2d 721 (Wyo.1987); *Gulf Oil Corp. v. Wyoming Oil and Gas Conservation Comm'n*, 693 P.2d 227 (Wyo.1985); *Walker v. Bd. of County Comm'rs, Albany County*, 644 P.2d 772 (Wyo.1982); *Northern Utilities, Inc. v. Pub. Serv. Comm'n of Wyoming*, 620 P.2d 139 (Wyo.1980); *Northern Utilities, Inc. v. Pub. Serv. Comm'n of Wyoming*, 617 P.2d 1079 (Wyo.1980); *Miller v. Wallace*, 430 P.2d 335 (Wyo.1967); *Belonden v. State ex rel. Leimback*, 379 P.2d 828 (Wyo.1963); *Cheever v. Warren*, 70 Wyo.

---

**1.** WYO.CONST. Art. 2, § 1 provides:

The powers of the government of this state are divided into three distinct departments: The legislative, executive and judicial, and no person or collection of persons charged with the exer-

cise of powers properly belonging to one of these departments shall exercise any powers properly belonging to either of the others, except as in this constitution expressly directed or permitted.

296, 249 P.2d 163 (1952); *House v. Wyoming Highway Dep't*, 66 Wyo. 1, 203 P.2d 962 (1949); *In re Welch*, 64 Wyo. 49, 184 P.2d 593 (1947). In light of the fact of a judgment, which has become final and has been substantially collected, it makes little sense to issue an advisory opinion with respect to the propriety of the determination that the right to recover the benefits should not be waived.

I appreciate a concern on the part of the majority that dismissal leaves the decision of the district court in effect, and there would follow an effort to set aside the default judgment and recover from the State the amounts of overpayment successfully collected pursuant to that judgment. That effort would have to be pursued under the provisions of Wyo.R.Civ.P. 60(b). Wyo.R.Civ.P. 55(c). A motion pursued under the first three reasons set forth in Wyo.R.Civ.P. 60(b) must be made within a year after the judgment is entered and, in all other instances, the motion must be made within a reasonable time. Surely, a motion for relief from a judgment that is not made before it is substantially collected by garnishment pursuant to the judgment is not made within a reasonable time. Furthermore, in contemplating the exercise of discretion by the trial court, the provisions of Wyo.Stat. § 1–16–401 (1988) must be taken into account. An interesting debate could be structured as to whether that statute is substantive or procedural. If the latter, it would perforce yield to the court rule. If it is perceived as substantive, however, then it would limit the subject matter jurisdiction of the trial court, and none of the statutory grounds for vacation or modification of the judgment beyond the term at which it was made apply to this case except for those that are limited to motions made within a year by Rule 60(b). Under the circumstances, any action to vacate the default judgment or afford other relief with respect to it would have to be an abuse of discretion.

This appeal should have been dismissed as moot.

