**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**March 11, 2022**

_____

**Christopher M. Wolpert**
**Clerk of Court**

NICOLE PAUNA, on her own behalf and
as personal representative for Constantin
Cristian Pauna,

Plaintiffs - Appellants,

v.

SWIFT TRANSPORTATION CO OF
ARIZONA LLC, a company,

Defendant - Appellee,

and

ROGER DALELEE BROWNELL, an
individual,

Defendant.

No. 21-8009
(D.C. No. 2:19-CV-00137-SWS)
(D. Wyo.)

_____

### ORDER AND JUDGMENT[*]

_____

Before **BACHARACH**, **BRISCOE**, and **ROSSMAN**, Circuit Judges.

_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiffs Constantin Cristian Pauna and Nicole Pauna sued Swift Transportation Company of Arizona, LLC, after a Swift truck driver assaulted Mr. Pauna at a truck stop in Laramie, Wyoming. The district court granted summary judgment in Swift's favor, and the Paunas appealed.[1] Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. Background

Mr. Pauna was a commercial truck driver passing through Wyoming on March 15, 2019. He pulled into a line of trucks waiting to refuel at a gas station in Laramie. As he waited, he observed Roger Dalelee Brownell, a truck driver contracted with Swift, cut in line ahead of him. Mr. Pauna took exception, so he got out of his truck and approached Mr. Brownell. A heated argument ensued, which ended with Mr. Brownell beating Mr. Pauna unconscious. Mr. Brownell was arrested and later pleaded guilty to misdemeanor assault. Mr. Pauna alleged he was so severely injured that he was unable to return to work.

The Paunas filed a lawsuit against Swift and Mr. Brownell in Wyoming federal district court, invoking diversity jurisdiction under 28 U.S.C. § 1332 because the Paunas and the defendants are from different states. The Paunas sought to hold Swift vicariously liable for Mr. Brownell's actions. They also asserted claims against Swift

---

[1] During the pendency of this appeal, Mr. Pauna passed away. Accordingly, Nicole Pauna is pursuing her own derivative claims and has been substituted as her husband's personal representative in this appeal. This opinion refers to the plaintiffs collectively as "the Paunas."

for negligent hiring, negligent supervision, and negligent retention. Finally, the Paunas asserted a claim for punitive damages against both defendants.

Swift moved for summary judgment, and the district court granted the motion. It held that Swift could not be held liable for Mr. Brownell's actions because he was not acting within the scope of his employment when he assaulted Mr. Pauna. The district court rejected the Paunas' claims for negligent hiring, negligent supervision, and negligent retention because Swift had no legal duty to Mr. Pauna—that is, it was not reasonably foreseeable based on the information available to Swift that Mr. Brownell might attack members of the public.

After the Paunas filed their notice of appeal, they moved to dismiss with prejudice their remaining claims against Mr. Brownell. The district court granted that motion, thus preserving our appellate jurisdiction.

## II.  Discussion

We review de novo a district court's grant of summary judgment under Fed. R. Civ. P. 56. *Burnett v. Sw. Bell Tel., L.P.*, 555 F.3d 906, 907 (10th Cir. 2009). We must "view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *Talley v. Time, Inc.*, 923 F.3d 878, 893 (10th Cir. 2019) (internal quotation marks omitted).

### A. Scope of Employment

The Paunas argue the district court erred in holding that Mr. Brownell was not acting within the scope of his employment. In addressing this question, we apply Wyoming state law. *See McGehee v. Forest Oil Corp.*, 908 F.3d 619, 624 (10th Cir.

3

2018) ("in a federal court diversity case . . . the law to be applied in any case is the law of the forum state" (brackets and internal quotation marks omitted)). "The conduct of an employee is within the scope of his employment only if it is of the kind he is employed to perform; it occurs substantially within the authorized time and space limits; and it is actuated, at least in part, by a purpose to serve the master." *Worman v. BP Am. Prod. Co.*, 248 P.3d 644, 649 (Wyo. 2011) (internal quotation marks omitted). Whether an employee's acts fall within the scope of his employment is generally a question of fact, except "when but one reasonable inference can be drawn from the facts." *Eklund v. PRI Envt'l, Inc.*, 25 P.3d 511, 515 (Wyo. 2001).

The Paunas contend that Mr. Brownell was acting within the scope of his employment because at the time of the attack he was trying to refuel his truck, which was a necessary part of his job as a driver for Swift. But the process of refueling does not require any truck driver to assault another. *See Sage Club v. Hunt*, 638 P.2d 161, 163 (Wyo. 1981) (relevant factors in scope-of-employment analysis include whether the nature of the employment contemplates the use of force and whether the use of force is foreseeable). Mr. Brownell's relevant conduct—beating Mr. Pauna unconscious—is wholly unconnected to the separate act of refueling and was not conduct "of the kind he [was] employed to perform." *Worman*, 248 P.3d at 649; *compare Sage Club*, 638 P.2d at 162-63 (holding bouncer's use of force against plaintiff was within scope of employment because the job necessarily contemplated use of force to remove disruptive customers). Indeed, Mr. Brownell's conduct was specifically excluded from his job description. Swift's employee handbook prohibits

4

any "[u]nauthorized physical contact . . . with . . . a member of the motoring public; assault, battery, violence, or threats of violence against one's self or others." R. Vol. 3 at 633.  Consistent with the handbook, Mr. Brownell later signed a statement admitting that his conduct violated company policy.

The conclusion that Mr. Brownell was not acting within the scope of his employment is supported by the Wyoming Supreme Court's decision in *Worman*. There, an oil company employee attacked the plaintiff on an oil rig, and the plaintiff sought to hold the company liable for the employee's conduct.  The plaintiff argued that the employee was motivated, at least in part, by an employment-related purpose, because he was at the oil rig observing the drilling operations on behalf of the company and was "generally engaged in activities within the scope of his employment."  248 P.3d at 650.  The court rejected this argument, holding that although the employee was on the premises for work-related activities, he was not employed to use force on other employees and in doing so "was not actuated by any purpose to serve" the oil company.  *Id.*  Similarly, in this case, although Mr. Brownell was at the gas station for purposes related to his employment, once he got out of his truck to attack Mr. Pauna, he was no longer acting to further Swift's

interests.[2]  Indeed, given that Mr. Brownell's arrest delayed delivery of the freight, his actions were contrary to Swift's interests.[3]

The cases the Paunas rely on in support of their scope-of-employment argument—*Garcia v. Sam Tanksley Trucking, Inc.*, 708 F.2d 519 (10th Cir. 1983) and *Condict v. Condict*, 664 P.2d 131 (Wyo. 1983)—do not require a different result.  In *Garcia*, we applied New Mexico law to hold that a truck driver who intentionally drove his truck into the side of a car on the highway was acting within the scope of his employment because he "was physically engaged in the activity he was hired to perform when the incident occurred."  *Garcia*, 708 F.2d at 521.  Similarly, in *Condict*, an employee rammed a company vehicle into the plaintiff's truck while the employee was "on his way to perform haying operations," which the Wyoming Supreme Court held gave rise to "a fact issue for the jury as to scope of employment."  664 P.2d at 135.  Here, by contrast, Mr. Brownell left the cab of his truck in order to assault Mr. Pauna, and was not physically engaged in the activity he

---

[2] The Paunas argue for the first time in their Reply Brief that Mr. Brownell's conduct was only a slight deviation from his job duties and therefore still sufficiently related to his work-related responsibilities to fall within the scope of his employment. *See O'Shea v. Welch*, 350 F.3d 1101, 1105 (10th Cir. 2003) (holding that a "slight deviation" for "personal business" is still within the scope of employment if it "is sufficiently related to the employment").  As discussed above, Mr. Brownell's attack on Mr. Pauna was entirely unrelated to his job duties, not a "slight deviation."

[3] The Paunas argue that the district court "improperly determined Brownell's intent."  Aplt. Br. at 21.  We agree with the district court that the Paunas' argument about intent is contrary to the evidence and entirely speculative.

was hired to perform. *See Garcia*, 708 F.2d at 521 (contrasting cases in which bus drivers committed assaults "after stopping and alighting from their buses").

In short, we hold that the only reasonable inference to be drawn from the facts was that Mr. Brownell was not acting within the scope of his employment when he assaulted Mr. Pauna.

### B. Negligent Hiring and Negligent Retention

The Paunas next argue that the district court erred in granting summary judgment in Swift's favor on their claims of negligent hiring and negligent retention.[4] Wyoming courts have adopted the tort of negligent hiring and negligent retention as set forth in § 213 of the Second Restatement of Agency. *See Cranston v. Weston Cnty. Weed & Pest Bd.*, 826 P.2d 251, 258 (Wyo. 1992). To establish a claim for negligent hiring or negligent retention, the plaintiff must prove that the defendant owed a duty of reasonable care to the plaintiff and that the plaintiff's injuries were foreseeable. *Connes v. Molalla Trans. Sys., Inc.*, 831 P.2d 1316, 1320 (Colo. 1992); *see Carabajal v. City of Cheyenne*, 847 F.3d 1203, 1214 n.4 (10th Cir. 2017) ("Because Colorado and Wyoming both premise the tort of negligent hiring on the Restatement (Second) of Agency § 213, we find Colorado law instructive.").

The district court held that Mr. Brownell's criminal history was not sufficient to put Swift on notice that he posed a danger to the public, and we agree. Mr. Brownell's two convictions were misdemeanors for shooting a neighbor's dog

---

[4] The district court also granted summary judgment to Swift on the Paunas' negligent supervision claim, but the Paunas have not pursued that claim on appeal.

7

with a BB gun, and for disorderly conduct involving Mr. Brownell drunkenly showing belligerence to an arresting officer. Swift's duty to the public required it to determine whether Mr. Brownell would safely transport freight. *See Connes*, 817 P.2d at 571 ("[W]hether harm from hiring a person with a criminal record is foreseeable necessarily depends on whether the nature of the employment and the type of contact the employee has with the public . . . is such that a prudent person would have anticipated that harm would have occurred as a result of the employment."). The convictions, which occurred more than five years before Mr. Brownell applied to Swift, bore no relationship to the job of transporting freight.

## C. Punitive Damages

The Paunas also appealed the district court's determination that they are not entitled to punitive damages. But in light of our resolution of the first two issues on appeal, we need not address this argument. *See Cook v. Shoshone First Bank*, 126 P.3d 886, 897 (Wyo. 2006) (a claim for punitive damages is an element of a cause of action and summary judgment on the underlying claims effectively disposes of the punitive damages claim).

## III. Conclusion

For the foregoing reasons, we affirm the decision of the district court.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

8