**STATE of Wyoming, Wyoming State Board of Education, Appellant (Defendant),**

**Goshen County School District No. 1, (Defendant),**

**v.**

**Glendal COCHRAN and Betty Cochran, husband and wife, as next friends of Michael Cochran, Appellees (Plaintiffs).**

No. 88–89.

Supreme Court of Wyoming.

Nov. 15, 1988.

---

Joseph B. Meyer, Atty. Gen., and Rowena L. Heckert, Sr. Asst. Atty. Gen., for appellant.

John H. Rivera of the Protection & Advocacy System, Inc., Cheyenne, for appellees.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

URBIGKIT, Justice.

This case is the second of three current appeals which tests entitlement to governmentally funded free appropriate public education for a handicapped person during the period between his twenty-first and twenty-second birthdays (twenty-second year education).[1] Consequently, the application of the Cooperative Education Plan created by federal legislation, Education for All Handicapped Children Act of 1975 (EHA), 20 U.S.C. §§ 1400, et seq. (1976 ed. & Supp. IV 1986), the Wyoming Constitution and educational statutes are involved.

We find the issues presented on appeal to be generally moot since the domiciliary-vocational-educational services have by now been provided to appellee (Michael Cochran) for the additional year. However, remand is necessary to determine how the cost of the assistance should be divided between the local school district and the state agency.

Michael Cochran, injured in an automobile accident at age fifteen, has since pursued his education burdened with the handicap of resulting permanent disabilities. As he finished his twenty-first year of age, he was resident in an educational and vocational activity in the Goodwill Industries, Inc. covered workshop program in Cheyenne, Wyoming. This litigation developed as a claim for his entitlement to continued maintenance and tuition costs past his twenty-first birthday pursuant to the state handicapped education plan developed from the agreement process of federal law (EHA).

The dispute between Michael Cochran, Goshen County School District No. 1 (School District) and the Wyoming State Board of Education (State Board) first developed in the appointment and resultant hearing before a designated hearing officer who, contrary to the decision of the hearing officer in *Natrona County School District No. 1 v. Ryan,* 764 P.2d 1019 (Wyo.1988), determined that the state obligation to fund educational services ended at the twenty-first birthday. Michael Cochran's parents chose for their appellate strategy a state court declaratory judgment in the Eighth Judicial District to seek reversal of the hearing officer's conclusion instead of the administrative proceeding petition for review.

After the filing, the district court first attempted a direct certification process to this court pursuant to W.R.A.P. 12.09, which was remanded on the basis that a decision in declaratory judgment by the district court was required before appeal could be maintained. Following remand and hearing, the trial court in declaratory judgment, reversed the hearing officer by determining that the State had contracted for the additional year's educational responsibility through the state plan and adopted regulation. Additionally, the district court held that the costs should be "fully funded and provided through the

---

1. The other two cases are *Natrona County School District No. 1 v. Ryan,* 764 P.2d 1019 (Wyo.1988) and *Natrona County School District No. 1 v. McKnight,* 764 P.2d 1039 (Wyo.1988).

State Board of Education," which should hold the School District harmless "from any funding obligation whatsoever to Michael Cochran."

During the course of the administrative hearing, initial aborted appeal, subsequent district court proceedings, and present appeal, Michael Cochran has received the educational services for the additional year pursuant to the provisions of federal law and the regulations of the State Board. Wyoming State Board of Education Rules and Regulations for Handicapped Children in Wyoming School Districts, § 84, "Status of Child During Hearings" (SBE rules) and "stay put" provisions of the federal educational act, 20 U.S.C. § 1415(e)(3) (1982 ed. & Supp. IV 1986). *Ryan*, 764 P.2d at 1037 n. 19.

Although Ryan would be dispositive on the issue of educational assistance past age twenty-one, we dismiss this appeal on the substantive inquiry of entitlement on the basis of mootness. The educational services have been provided and nothing now can be said by this court that would clarify that status or change the result. *Ballard v. Wyoming Pari–Mutuel Com'n of State of Wyo.*, 750 P.2d 286 (Wyo.1988). However, a question remains before this court for disposition of assistance cost payment. This court adopted an approach in Ryan which is now continued that costs accrued for a post-twenty-first birthday education will be accorded "stay put" recognition so that those costs are to be distributed between the State Board, W.S. 21–2–304, and the local school district as if the benefited individual had not yet achieved the age of twenty-one.[2]

The appeal is dismissed as moot on the substantive issue of entitlement, and the decision of the trial court is reversed and the case remanded for entry of an order providing that payment of the educational costs, if any, of the post-twenty-first birthday year shall be chargeable between the School District and the State Board as if the services had been rendered to Michael Cochran before his twenty-first birthday.

Reversed and remanded for entry of an order by the district court in conformity herewith.

---

**2.** We were advised in oral argument and briefs in another case that this division may be 15% local and 85% state funded.

The decision of the district court granting declaratory relief jointly in favor of Michael Cochran and the School District was stayed by that court following a motion of the State Board as including the factual contention that Michael Cochran was receiving ongoing assistance through another state agency so that residential displacement would not occur. This court does not now sort out any further divisional financing responsibilities as a subject neither briefed nor presented to this court for the litigatively extended year of tuition and maintenance costs at Goodwill Industries, Inc., as estimated to cost approximately $25,300.