Ray K. OUKROP, Petitioner,

v.

**WYOMING BOARD OF DENTAL EXAMINERS, Respondent.**

No. 88–145.

Supreme Court of Wyoming.

Feb. 1, 1989.

John E. Stanfield of Smith, Stanfield & Scott, Laramie, and Douglas G. Madison of

Dray, Madison & Thomson, P.C., Cheyenne, for petitioner.

Gay Woodhouse, Sr. Asst. Atty. Gen., Cheyenne, for respondent.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

GOLDEN, Justice.

Petitioner Ray K. Oukrop (Oukrop) seeks judicial review of the final decision of the Wyoming Board of Dental Examiners (Board) to suspend his license to practice dentistry in Wyoming for one year followed by a period of probationary practice lasting five years. A petition for judicial review under W.S. 16–3–114 (October 1982 Repl.) and W.R.A.P. 12.09 was filed on February 12, 1988, and certification brought the case here.

We affirm the Board's action.

Oukrop was properly served with a complaint and Notice of Hearing by the Board on December 3, 1986. The complaint charged him with unprofessional conduct in grossly overprescribing the drug atropine. A detailed account of the specific events underlying this charge can be found in a related civil appeal recently published by this court. See *Oukrop v. Wasserburger,* 755 P.2d 233, 234–36 (Wyo.1988). The president of the Board appointed a hearing officer who ruled on motions by Oukrop. Oukrop received a hearing on January 12–14, 1987. After the hearing, the Board determined that he had acted unprofessionally and disciplined him as described above.

■ Oukrop presents an array of issues, most of which deal with his concern about the Board's conducting its hearing and review of his dental license while the civil action, referenced above, was on appeal to this court. He argues this was unfair because adverse findings by the Board might have prejudiced his rights in the civil action in the event this court had reversed that action for a new trial. Oukrop admits that

these issues are moot since this court affirmed the civil action. *Oukrop*, 755 P.2d at 239. We agree with him on that point and restate that this court does not issue advisory opinions on moot issues. See *Goshen County School District No. 1 v. Cochran*, 764 P.2d 1037 (Wyo.1988).

■ Oukrop's other issues amount to a challenge that the Board somehow denied him due process when the district court certified the case directly to this court. W.R.A.P. 12.09 requires the district court to confine its review of a final agency decision to the record and the issues raised before the agency and to limit that review to matters specified in W.S. 16–3–114(c). The rule also gives the district court discretion to certify the case to this court if it determines the question at hand to be appropriate for that disposition. That is exactly what occurred here. Oukrop has not raised any issues concerning *agency* action that are cognizable under W.S. 16–3–114(c).

The Board is affirmed.

URBIGKIT, J., files a dissenting opinion.

URBIGKIT, Justice, dissenting.

Unquestionably, this professional license supervision proceeding by the Wyoming Board of Dental Examiners was conjunctive to and precipitated by the malpractice case where the malpractice complainant won a large jury verdict. Mootness does not deny recognition that an administrative licensing agency should not become an adjunct for the litigating plaintiff.

My specific concern and primary focus is that the procedural status of this administrative appeal was not appropriately analyzed where district court consideration of the broad array of issues included in the petition for review was denied by direct certification. To understand petitioner's supplication in this appeal, some procedural history requires comment. Intrinsically presented from oral argument and the contentious hostile atmosphere resulting from

the administrative hearing is noticed anger by petitioner and his counsel against petitioner's malpractice carrier for failure to get the malpractice action settled. Similar aimed distaste is directed against the office of the attorney general for pursuing suspension while the malpractice issues remained litigatively unresolved.

On January 19, 1988, the Wyoming Board of Dental Examiners, following an extended hearing process involving two separate hearing officers, entered an order to suspend petitioner for the incident which had been the subject of the malpractice action in *Oukrop v. Wasserburger*, 755 P.2d 233 (Wyo.1988). A detailed petition for judicial review was filed challenging various procedural aspects of the licensing hearing. At that time, the Oukrop appeal was pending following entry of the district court judgment.

As dated and served April 26, 1988, the office of the attorney general petitioned the district court to certify the appeal directly to this court pursuant to W.R.A.P. 12.09 on the stated basis:

2. This matter is appropriate for Supreme Court review. The case involves significant legal questions which have not been addressed by the highest court of this State, and the matter is very likely to be appealed [sic] to the Supreme Court upon decision adverse to either party.

3. In the interests of judicial economy and expeditious resolution of the legal issues involved, this case is appropriate for certification to the Supreme Court.

At that time, the record of the administrative hearing proceeding had not yet been filed and apparently was first filed on May 6, 1988 in accord with certification of the presiding administrative hearing officer. The Wyoming Board of Dental Examiner's petition for certification to the Wyoming Supreme Court was not filed, for undisclosed reasons, until June 7, 1988. However, on May 3, 1988, petitioner filed and served an opposition to the petition for certification. That document included a de-

nial of the attorney general's statement in certification request and other comments evidencing a considerable level of extraneous anger.

Without any participative hearing, the district court, on June 7, 1988, entered the certification order containing a date of May 1, 1988. Upon docketing in this court, the motion activity remained as busy as had been the case in proceedings before the administrative agency. Petitioner filed a motion to remand to which objection was taken by the Wyoming Board of Dental Examiners. This court denied, although the petitioner obviously wanted a district court hearing. Thereafter, petitioner filed a motion to supplement the record, which was granted, followed by a notice of additional authorities. The Wyoming Board of Dental Examiners moved to strike the notice of authorities, which motion was denied.

It is my persuasion, and the basis for this dissent, that before direct certification is granted by the district court, the litigants, if one opposes, should be granted a hearing for argument and analysis of the appropriateness of that expediting process. In my opinion, that is the spirit as well as the due process function of the certification rule.

The review shall be conducted by the court without a jury and shall be confined to the record as supplemented pursuant to Rule 12.08, W.R.A.P., and to the issues raised before the agency. The court's review shall be limited to a determination of the matters specified in § 16–3–114(c).

If after such review, the district court concludes the matter to be appropriate for determination by the Supreme Court, the district court may certify the case to the Supreme Court. Upon notification of such certification, the petitioner shall pay the required docketing fee.

The district court may receive written briefs and hear oral argument in its discretion. The briefing schedule shall be fixed by the district court. The district court may, in its discretion, remand the case to the agency for proceedings in accordance with the direction of the court. If the matter is not certified to the Supreme Court, the district court shall enter judgment, affirming, modifying, or reversing the order of the agency. W.R.A.P. 12.09.

There is a difference between requested certification as distinguished from either stipulated certification or even an unprompted certification. Certification and subsequent remand is not the best answer. At the same time, any litigant who had been through an arduous and, as sometimes occurs, like this case, acrimonious administrative proceeding, should be provided the record settling and issue clarification opportunity which is far better addressed by the district court as the Wyoming judicial agency of general responsibility.[1] I find an abuse of discretion in the certification of the petition for review to this court without at least affording the litigants an obligation and responsibility to address the district court in an actual hearing. *Martin v. State,* 720 P.2d 894 (Wyo. 1986).

The least persuasive argument presented is that whatever the district court does one way or another, one or the other party will appeal. Maybe so, maybe not. Perhaps attorney's fees will be charged and perhaps further the resulting appeal can be more clearly defined with enunciation of issues beyond sufficiency of the evidence. I would remand for district court hearing and consequent initial consideration of any complaint about procedural aspects of the administrative hearing as well as the scope of the adjudicatory conclusion.

---

1. Although not precisely similar, any record organizational analysis and factual resolution such as was required in *Natrona County School Dist. No. 1 v. McKnight,* 764 P.2d 1039 (Wyo. 1988) cannot properly, in efficiency, be added to this court's responsibility. Time constraints and opinion preparation schedules deter this adjudicatory incursion.