**STATE of Wyoming, ex rel., WYOMING WORKERS' COMPENSATION DIVISION, Appellant (Petitioner/Objector–Defendant),**

v.

**Lance E. HOLLISTER, Appellee (Respondent/Employee–Claimant),**

v.

**TEGELER LOGGING, Employer–Objector.**

No. 90–21.

Supreme Court of Wyoming.

July 6, 1990.

Joseph B. Meyer, Atty. Gen., Ron Arnold, Sr. Asst. Atty. Gen., for appellant.

Thomas E. Campbell, Sheridan, for appellee.

Before CARDINE,* C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

THOMAS, Justice.

The dispositive question in this case is whether a district court has authority to afford affirmative relief as a product of its review of a workers' compensation proceeding. A second question that must be resolved is whether the district court properly ruled that the injured workman had not engaged in conduct that justified the invocation of the injurious practices statute, § 27–12–412, W.S.1977.[1] A question related to both of these issues is whether the district court improperly substituted its judgment for that of the administrative hearing officer. We agree with the contention of the Wyoming Workers' Compensation Division (Division) that the district court has no authority to afford affirmative relief in connection with a review of a workers' compensation proceedings. Its disposition is limited to the review of authority articulated in the Wyoming Administrative Procedure Act, §§ 16–3–101 to –115, W.S.1977 (Oct. 1982 Repl.). We agree, however, with the ruling of the district court that the injurious practices statute was not applicable, and we conclude that this ruling was properly made within the review authority of the district court. We reverse and remand this case for further proceedings in accordance with our opinion.

---

* Chief Justice at time of oral argument.

1. Section 27–12–412, W.S.1977, provided:

"If an injured employee persists in an unsanitary or injurious practice which tends to imperil or retard his recovery, or if he refuses to submit to medical or surgical treatment reasonably essential to promote his recovery, he forfeits all right to compensation under this act [§§ 27–12–101 to 27–12–804]. Forfeiture shall be determined by the district judge." This statutory provision now has been renumbered as § 27–14–407, W.S.1977 (June 1987 Repl.). The statutory language was not substantially changed, but the determination under the new statute is now made by the hearing examiner upon application by the Division or the employer.

The Division sets forth the issues it has chosen to advance in this way:

"1. Whether the district court erred as a matter of law by reversing the administrative decision on the grounds that the injurious practice statute was not applicable.

"2. Whether the district court erred as a matter of law by substituting its judgment and opinion for that of the hearing officer.

"3. Whether the district court lacked statutory authority to award a permanent total disability award."

The injured worker, Lance E. Hollister (Hollister), restates the issues in this way in his brief:

"1. Whether the order of the administrative law judge (ALJ) that Hollister engaged in an injurious practice sufficient to invoke the harsh penalty of forfeiture is arbitrary, capricious and not in accordance with law.

"2. Whether the decision of the ALJ is unsupported by substantial evidence.

"3. Whether Hollister should be awarded permanent total disability benefits."

In July of 1984, while Hollister was working for Tegeler Logging, he slipped on a log and fell onto a rock, injuring his left knee. A few days later, Hollister filed his original report of injury with the Clerk of the District Court of Sheridan County. Tegeler Logging waived any objection to the claim and approved payment within a week. The treating physician, in February of 1985, rated Hollister as having a 50% disability of the knee based on pain, limited motion, and joint destruction. Hollister was next evaluated by the Division of Vocational Rehabilitation at the Gottsche Rehabilitation Center in Thermopolis. The product of that evaluation was the recommendation that he should give serious consideration to less strenuous work, but that he might go back to the logging industry in a different position if further surgery could make his knee more stable. In March of 1985, an award was made in the District Court of Sheridan County of a 50% permanent partial disability.

After that, Hollister had an osteotomy performed in August of 1985. He received temporary total disability during the period of recuperation from that surgery. The following May, Hollister was returned to his permanent partial disability status and, at that time, received the balance of the permanent partial disability award.

The record is clear that Hollister endeavored to find lighter work to support his family of seven, but he was unable to find suitable employment in either Wyoming or Montana. He then returned to his former occupation in the logging industry, and he worked for several employers. Eventually, his pain reached a level that prevented him from accomplishing his tasks in his logging occupation. Hollister applied for further benefits, and he received those for a short period. He then was denied any additional benefits, and the denial of that claim resulted in this case.

The administrative hearing officer found that Hollister had returned to logging and other heavy labor following his original injury and that this constituted an injurious practice that served to invoke the penalty of forfeiture of any further right to compensation. That conclusion was premised upon the demonstration in the record that he had been advised by physicians not to return to work in the logging industry, but to find some other line of work instead. Upon review, the district court ruled that Hollister's return to employment in the logging industry was not a violation of the statutory provision, § 27–12–412, W.S.1977, and then entered an award of permanent total disability in favor of Hollister. It is from the decision of the district court that the Division has taken this appeal.

One of the indubitable features of the 1986 revision of the Wyoming Workers' Compensation Act, § 27–14–101 to –804, W.S.1977 (June 1987 Repl.), is that the adjudicatory function was moved from our state district courts to the "office of independent hearing officers." Section 27–14–602, W.S.1977 (June 1987 Repl.). The appeal to the district court from the decision of a hearing examiner is taken pursuant to the Wyoming Administrative Procedure

Act. According to the frequently quoted provisions of the Wyoming Administrative Procedure Act, § 16–3–114(c), W.S.1977 (Oct. 1982 Repl.):

" * * * The reviewing court shall:

"(i) Compel agency action unlawfully withheld or unreasonably delayed; and

"(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

"(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

"(B) Contrary to constitutional right, power, privilege or immunity;

"(C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;

"(D) Without observance of procedure required by law; or

"(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute."

It follows that when a workers' compensation determination of the hearing examiner is appealed to the district court, this quoted language circumscribes the disposition by the district court.

The same standards that apply to this court in reviewing administrative determinations are applicable to district courts. With respect to our authority, we have said:

" 'For the purpose of reviewing the propriety of the district court's action, we will review the agency action as though the appeal were directly to this court from the agency. We are governed by the same rules of review as was the district court. [Citations.]

" 'Therefore, we will not substitute our judgment for that of the agency. * * *

" ' * * * * * * *

" ' * * * Under this standard [§ 16–3–114(c), W.S.1977 (October 1982 Replacement) ], we do not examine the record only to determine if there is substantial evidence to support the Board's decision, but we must also examine the conflicting evidence to determine if the Board could reasonably have made its findings and

order upon all of the evidence before it.' " *Trout v. Wyoming Oil & Gas Conservation Commission,* 721 P.2d 1047, 1050 (Wyo.1986), quoting *Board of Trustees of School District No. 4, Big Horn County v. Colwell,* 611 P.2d 427, 428–29 (Wyo.1980).

The inhibition upon substitution of the court's judgment for that of the agency has to extend to the affirmative relief afforded by the district court in this instance. It follows that the order of the district court awarding total disability benefits must be reversed, and the district court appropriately should remand the case to the office of hearing examiners after setting aside its determination on the ground that it is not in accordance with law.

■ This disposition flows from our agreement with the district court that the hearing examiner inappropriately invoked § 27–12–412, W.S.1977, relating to the forfeiture of right to compensation because of the knowing engagement or persistence in an unsanitary practice that tends to imperil or retard recovery. We are not in agreement with the Division's contention that the district court's ruling on this issue was erroneous.

In his decision letter, the hearing examiner noted that the treating physician felt that, to avoid " 'total knee arthroplasty [for] as long as possible,' " Hollister should change occupations. The hearing examiner also quoted from the report of the surgeon who performed the osteotomy that " 'he is permanently disabled as far as the left knee is concerned and will be forever limited to light activities.' " The latter physician went on to say that Hollister's knee would continue to degenerate, but he could not say when that would occur. Based upon this information, the hearing examiner held, as a matter of law, that one can impair or retard recovery of a knee that is partially, permanently disabled by returning to a former occupation against a doctor's advice, after that same doctor had determined that the workman is " 'essentially fully recovered * * * from the present surgery' " and had released the workman to light work. The finding of

imperiling or retarding recovery is internally inconsistent with the information, which is not refuted in the record, that Hollister had fully recovered.

In addition, the hearing examiner ruled that Hollister had failed to prove entitlement to a modification of his previously awarded 50% permanent partial disability. There is evidence in the record that demonstrates the fact that Hollister no longer was suited to employment for which he had previous experience or training. We have noted that the record establishes that his knee would continue to deteriorate. The record does not disclose whether Hollister originally sought permanent total disability, instead of a partial disability, or whether total disability should have been granted in the original proceeding.

In his decision letter, the hearing examiner notes the possibility that Hollister would have to undergo surgery after the date that he was granted an award of permanent partial disability. The hearing examiner did not address whether, in light of the continuing deterioration, the initial decision might have been premature as a matter of law. He does state, however, that Hollister could seek modification of the 50% permanent partial disability award, provided he could establish an increase of incapacity due solely to injury, mistake of fact, or fraud.

The hearing examiner also concluded that the deterioration of Hollister's knee was caused by his continuing to work as a logger. This conclusion is directly opposed by the only medical evidence of yet a third physician who stated, in deposition, an opinion that Hollister's then existing condition was caused by the original 1984 compensable injury. The hearing examiner dismissed this physician's opinion by saying he attached little weight to it because the doctor's determination was based upon a "questionable" work history. The conclusion that well might be drawn from the history of this matter is that the crux of the problem in this case is that the original award was the product of a mistake of fact. This could have been the reaction of the district court when it endeavored to provide affirmative relief in the form of a permanent total disability.

On the basis of this history, we have no equivocation in justifying our conclusion that the district court did not err in holding that the forfeiture provision should not be applied. *In re Hibler,* 37 Wyo. 332, 341, 261 P. 648, 651 (1927), held with respect to a predecessor statute:

" * * * [T]he statute * * * [now § 27–14–412, W.S.1977], in providing for a forfeiture of all right to compensation under the act, is quite harsh, and must be strictly construed. When the issue is raised, the burden of proof is on the employer."

This holding is consistent with a principle observed for more than fifty years that the provisions of the Workers' Compensation Act should receive a liberal construction to accomplish the benevolent purposes for which those provisions were promulgated. *State ex rel. Worker's Compensation Division v. Borodine,* 784 P.2d 228, 230 (Wyo.1989), quoting *Baldwin v. Scullion,* 50 Wyo. 508, 62 P.2d 531, 538, 108 A.L.R. 304 (1936). In *Borodine,* we held that a claimant was entitled to workers' compensation benefits even though she had skills and qualifications to earn more than what she was receiving in the occupation in which she engaged at the time of her injury.

Only after the finder of fact initially determines that the injured claimant acted in conformity with the statutory definitions may a forfeiture be declared. *Matter of Meredith,* 743 P.2d 874 (Wyo.1987). The evidence from the physician who performed the osteotomy was that " '[t]he patient today [May 1, 1986] is deemed to be essentially fully recovered, or as recovered as he is going to get from the present surgery.' " The plain language of the statute invoked by the hearing examiner states that there must be an "injurious practice which tends to imperil or retard his *recovery."* Section 27–12–412, W.S.1977 (emphasis added). Our analysis of the record is that there is no evidence to support a finding that returning to logging imperiled or retarded Hollister's *recovery,* and the employer did

not present evidence that established the contrary. In *Meredith,* the court reiterated that the burden of establishing the basis for a forfeiture of workers' compensation benefits rests on the employer, and we emphasized that the court would construe the statute strictly. *Meredith,* 743 P.2d at 876. We conclude that the ruling of the district court, finding the injurious practice defense not appropriate to Hollister's case, is correct as a matter of law.

The district court determined that the hearing examiner's decision was not supported by substantial evidence. The Division asserts what was the appellate rule for our review of factual determinations by the district court when jurisdiction to adjudicate workers' compensation claims was vested in the district court. The correct rule is that found in *Hohnholt v. Basin Electric Power Co-op,* 784 P.2d 233, 234 (Wyo.1989), in which, quoting *Trout,* 721 P.2d at 1050, this court said:

> " 'We examine the entire record to determine if there is substantial evidence to support an agency's findings. If the agency's decision is supported by substantial evidence, we cannot properly substitute our judgment for that of the agency, and must uphold the findings on appeal. Substantial evidence is relevant evidence which a reasonable mind might accept in support of the conclusions of the agency. It is more than a scintilla of evidence. (citation omitted) * * *.' "

The Division argues an erroneous test. Applying the correct test quoted above, we agree with the district court that the hearing examiner's decision is not supported by substantial evidence, and we agree with the district court's conclusion that an examination of the entire record in fact discloses that the evidence is contrary to the determination by the hearing examiner.

The decision of the district court is reversed with instructions that the case be remanded to the office of hearing officers to afford a rehearing in accordance with this decision. We assume that the claim will be amended to seek additional relief upon the basis of a mistake of fact in connection with the initial award. It is

clear that the injurious practice statute could not impact the issues to be resolved in that regard.

Reversed with instructions to remand to the administrative agency.