827 P.2d 1117 (1992)
In the Matter of The Interests of M.M., a Minor, Appellant (Defendant),
v.
STATE of Wyoming, Appellee (Plaintiff).
In the Matter of the Interests of J.M., a Minor, Appellant (Defendant),
v.
STATE of Wyoming, Appellee (Plaintiff).
Nos. C-91-8, C-91-9.
Supreme Court of Wyoming.
March 20, 1992.
Leonard D. Munker, State Public Defender, Gerald M. Gallivan, Director, Wyoming Defender Aid Program, and Stephen K. Palmer, Student Intern, for appellant in both cases.
Joseph B. Meyer, Atty. Gen., and Richard E. Dixon, Asst. Atty. Gen., for appellee in both cases.
Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY and GOLDEN, JJ.
PER CURIAM.
Appellant is a juvenile who was subjected to an order of supervision and delinquency under the Wyoming Juvenile Court Act, Wyo. Stat. §§ 14-6-201 through 14-6-243 (1986), for activity which would constitute a crime for an adult. With a finding that the juvenile had failed to comply with the terms of his probation, the district court, acting as the juvenile court, revoked probation at the conclusion of a review hearing.
These appeals have been taken by assertion that the juvenile's statutory and constitutional rights were violated when a hearing was conducted for revocation of probation without notice that any revocation would be considered as the result of the proceeding which resulted in termination of probation and entry of a judgment of confinement in an institution for juvenile boys.
In first argument, appellant asserts in his appellate brief that "[t]he juvenile court, by revoking appellant[']s probation without a petition to revoke, violated Wyo. Stat. § 14-6-232 and § 14-6-206 1977 (Rev. 1986)[.]" In second argument, appellant asserts in his appellate brief that "[t]he juvenile court erred by using a `review hearing' to revoke appellant's probation in place of a probation revocation hearing, denying appellant notice and due process as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 1 Section 6 of the Wyoming Constitution."
The office of the Attorney General thoughtfully analyzed the circumstances resulting in the entry of the orders from which these appeals were taken and agrees with appellant to join in request of this court that the orders be set aside from which the appeals were taken. It was further agreed that the cases should be remanded for a hearing in compliance with the Wyoming Juvenile Court Act.
We agree with both appellant and appellee. Compliance with the notice and hearing provisions of the Wyoming statute incorporated into the Juvenile Court Act are mandatory for revocation of probation for any juvenile who has been subjected to an order of delinquency or supervision by the court. See Wyo. Stat. § 14-6-232 (1986) relating to the specific subject of "Probation revocation hearing; how commenced *1118 and concluded; contents of petition; disposition." See also Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); and Application of Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). In addition, see In Interest of C.N., 816 P.2d 1282 (Wyo.1991), where we recently examined the jurisdictional authority provided by the Juvenile Court Act.
Reversed and remanded for further proceedings in accord herewith.