**In the Matter of the Worker's Compensation of Nancy RICHARD, surviving spouse of Barry P. Richard, Appellant (Employee–Claimant),**

v.

**STATE of Wyoming, ex rel. WYOMING WORKER'S COMPENSATION DIVISION, Appellee (Objector–Defendant).**

No. 91–128.

Supreme Court of Wyoming.

Aug. 28, 1992.

Stephen J. Jouard, Fort Collins, Colo., for appellant.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen. and J.C. DeMers, Sr. Asst. Atty. Gen., for appellee.

Before URBIGKIT, C.J., and THOMAS, CARDINE and MACY, JJ., and LEHMAN, District Judge.

THOMAS, Justice, dissenting.

I dissent from the decision of the majority in this case. It is flawed by error in failing to apply settled jurisprudential rules and by a logical fallacy. Because the majority opinion is in error in these respects, the decision of the district court ought to be affirmed. The principle of liberal interpretation of the workers' compensation statutes could lead to a remand of the case to the district court with instructions for a further remand to the Workers' Compensation Division for additional factual consideration, but that is the limit of any effort this court should undertake to assist Richard's widow.

I have two difficulties with the approach taken by the majority. The first is that, by indulging in the invocation of a factual presumption, the court has improperly substituted itself in the fact-finding role, which is the prerogative of the hearing examiner according to our jurisprudence. The second difficulty, perhaps even more important, is that the presumption upon which the majority relies to affirm the hearing examiner does not resolve the issue in this case and, in fact, the invocation of that presumption simply begs the question.

Our rule is, "The court must accept the agency's finding of fact when it is supported by substantial evidence." *Cheyenne Policemen Pension Bd. v. Perreault*, 727 P.2d 702, 704 (Wyo.1986) (citing *First Nat'l Bank of Worland v. Financial Institutions Bd.*, 616 P.2d 787, 793–794 (Wyo. 1980)). In honoring this rule we accord deference to the findings of fact made by the administrative agency, examining them only to determine whether the record encompasses substantial evidence to support them. *Union Pacific R.R. v. Wyoming State Bd. of Equalization*, 802 P.2d 856, 859 (Wyo.1990). Following these rules we have reversed a district court in a workers' compensation case holding that the district court could not make the requisite findings of fact to award compensation. We reversed even though we agreed with the

ruling of the district court that substantial evidence did not support the finding of fact by the hearing examiner that the activities of the injured workman amounted to an injurious practice resulting in the forfeiture of his award of compensation. *Wyoming Workers' Comp. Div. v. Hollister*, 794 P.2d 886, 891 (Wyo.1990).

The proper authority for finding the facts is the hearing examiner for the Workers' Compensation Division. The hearing examiner found facts to support a theory of employment coverage that is different from the one adopted by this court. This court has no more authority to make its independent factual determination to support a different theory than the district court had in *Hollister.*

The question for resolution in this case was whether Barry Richard died because of any harmful change in the human organism "arising out of and in the course of employment while at work in or about the premises occupied, used or controlled by the employer" or "incurred while at work in places where the employer's business requires an employee's presence * * *." Wyo.Stat. § 27–14–102(a)(xi)(1991) (emphasis added). Specifically, the issue is whether Richard was "at work in or about the premises occupied, used or controlled by the employer" or "at work in places where the employer's business requires" his presence at the time of the accident that resulted in his death. The majority attempts to resolve that question by invoking a presumption from 1 Arthur Larson, *Workmen's Compensation Law* § 10.32 (1990). That presumption, however, depends upon the employee being "found dead under circumstances indicating that death took place within the time and space limits of the employment * * * [i.e. 'while at work']."

In the context of Wyoming's statutory language, the presumption could only be useful in determining whether Richard's death fits within the language "arising out of and in the course of employment" if he was at work in accordance with the latter phrase of the statute. The presumption serves to provide the causal connection or nexus factor only if the predicate condition,

i.e. the employee is "at work in or about the premises occupied, used or controlled by the employer," is satisfied. The language of the presumption assumes the existence of the critical fact that is in issue in this case, and for that reason the presumption is of no use in attempting to resolve the case. Invoking this presumption simply begs the question and involves the court in circular reasoning.

A review of the history of Wyoming's statutory language is helpful to an understanding of the correct application of the presumption adopted from Larson. We begin with the provisions of the Wyoming statute found in Wyo.Stat. § 124–106–7(1) (1931). By the time this court decided *In re Jensen*, 63 Wyo. 88, 178 P.2d 897 (1947), the statute had been finally reenacted in 1937 Wyo.Sess.Laws, ch. 128 § 2, and read as follows:

(1) The words "injuries sustained in extra-hazardous employment," as used in this chapter, shall include death resulting from injury, and injuries to employes, as a result of their employment and while at work in or about the premises occupied, used or controlled by the employer, and injuries occurring elsewhere while at work in places where their employer's business requires their presence and subjects them to extra-hazardous duties incident to the business, but shall not include injuries of the employe occurring while on his way to assume the duties of his employment or after leaving such duties, the proximate cause of which injury is not the employer's negligence * * *.

In *Jensen*, the court adopted an exception to the almost universal rule encompassed in the last phrase of the statutory definitions, and held that coverage under the statute did exist when the employer provided transportation to or from the place where the duties of employment actually begin. In the course of explaining and construing the statute, this court said:

Just here we may recall that the language "while at work" appearing in subdivision (1) of section 124–106–7, W.R.S. 1931 hereinbefore quoted has been decided to be synonymous in meaning with the

phrase "in the course of [his] employment." It was so held, and it would seem correctly, by the Supreme Court of New Mexico in *McKinney v. Dorlac*, 48 N.M. 149, 146 P.2d 867 construing the statute of that state which as before noted so closely resembles our subdivision "(1) aforesaid. (Emphasis added.) *In re Jensen*, at 63 Wyo. at 117–118, 178 P.2d at 908.

The statute retained that form in Wyo. Stat. § 72–106(1) (1945), except that a parenthetical reference to "[article]" was inserted after the word "chapter." The fact that in the published statute paragraph (1) was merged into paragraph (k), without separate spacing, was the cause of some consternation to the *Jensen* court, which complained that it had been "(erroneously designated as subdivision '1' under subdivision (k) * * *)" *In re Jensen*, 63 Wyo. at 99, 178 P.2d at 900. The same statutory language was used in Wyo.Stat. § 27–49[III.](a) (1957), except that the phrase "as used in this chapter" was deleted, and the phrase "including exposure to ionizing radiation" was added after the phrase "subjects them to extra-hazardous duties incident to the business" by 1967 Wyo.Sess. Laws 1967, ch. 55 § 1.

The statute remained in this form until 1975 when the Wyoming Worker's Compensation Act was adopted in 1975 Wyo.Sess. Laws, ch. 149, at which time Wyo.Stat. § 27–311(n) (1957) was enacted to read:

(n) "Injury" means any harmful change in the human organism other than normal aging, and includes damage to or loss of a prosthetic appliance and death, arising out of and in the course of employment while at work in or about the premises occupied, used or controlled by the employer, incurred while at work in places where the employer's business requires an employee's presence and which subjects the employee to extra hazardous duties incident to the business. (emphasis added).

The statute still retains this language except that in 1986, when the Wyoming Worker's Compensation Act was recreated after repeal of the existing provisions, the words "any artificial replacement" were substituted for the words "a prosthetic appliance." Wyo.Stat. § 27–14 102(a)(xi) (1977).

If the teaching of *In re Jensen* is applied, it is clear that the redundant language in the statute is found in the phrases "in the course of employment" and "while at work in or about the premises occupied, used or controlled by the employer, incurred while at work in places where the employer's business requires an employee's presence." In applying what is essentially the current language of the statute this court said in *Matter of Willey*, 571 P.2d 248, 250 (Wyo.1977):

Although the language contained in § 27–311(n), supra [Wyo.Stat. § 27–311(n) (1957 & Supp.1975)], is somewhat different from that contained in its predecessor, the meaning has remained the same. The provision acknowledges that injuries may occur on *or* off the premises of the employer. In either case, the injury is compensable if it arises out of and in the course of employment. This requirement emphasizes the need for a causal connection between the injury and the employment. Such a causal connection is supplied when there is a nexus between the injury and some condition, activity, environment or requirement of the employment. *Parrott v. Industrial Commission of Ohio*, 145 Ohio St. 66, 60 N.E.2d 660. See, *Standard Oil Co. v. Smith*, 56 Wyo. 537, 111 P.2d 132; *In re Jensen*, supra [63 Wyo. 88, 178 P.2d 897]; *Wyoming State Treasurer ex rel. Workmen's Compensation Department v. Boston*, Wyo., 445 P.2d 548. Cf., *White Ditching Company v. Giddeon*, Wyo., 413 P.2d 45. It is this requirement, and only this requirement, which is envisioned by the language contained in § 27–311(n), supra.

The court already had quoted the language from *In re Jensen* to the effect that while at work means the same thing as course of employment. My understanding of the reading of the state by this court in 1977 is that "while at work" has the same significance and connotation in Wyoming that "in the course of employment" has in our sis-

ter jurisdictions. The entire phrase "arises out of and in the course of employment" then means the same thing as "arises out of" means in our sister jurisdictions, and serves to connote the causal connection between the injury and the employment that the statute demands.

Upon reflection it appears that this court went astray in *Matter of Injury to Corean*, 723 P.2d 58 (Wyo.1986). We there refused to adopt the premises rule because we related it to the phrase "in the course of employment," relying upon *Matter of Willey*. The proposition adopted in *Matter of Willey* was not changed or expanded in *Cottonwood Steel Corp. v. Hansen*, 655 P.2d 1226 (Wyo.1982), or *Baker v. Wendy's of Montana, Inc.*, 687 P.2d 885 (Wyo.1984), both of which are cited in *Matter of Injury to Corean*. Our reasoning in *Corean* was that, if the court were to adopt the premises rule any harm suffered by the employee on the employer's premises would be compensable because it automatically would arise out of the employment. If we had been more discerning, we would have recognized that in Wyoming the premises rule would depend upon the showing that the injury occurred while at work in or about the premises occupied, used or controlled by the employer, and we would not have achieved automatic compensation because evidence of the causal relationship or nexus demanded by the phrase arising out of and in the course of employment still would have been required.

In *Matter of Injury to Corean*, 723 P.2d at 60, we said:

> The critical statutory phrase emphasized above [arising out of and in the course of employment] is found in the worker's compensation statutes of most states. The courts in these states recognize a subtle distinction between the phrases "arising out of" employment and "in the course of employment." An accident arises out of employment if it is causally connected to the employment; it occurs in the course of employment if it occurs at the time or place, or under the circumstances of the employment. 1 A. Larson, Workmen's Compensation Law § 6.10 at 3–3 (1985). In a majority of the

states, when an employee is hurt on the employer's premises, it is conclusively established under the premises rule that the employee was acting within the course of his employment. Id., § 15.00 at 4–3. This does not mean, however, that the worker is necessarily entitled to benefits. He still must show that the harm arose out of his employment, i.e, was causally connected to his employment. Id. § 12.32 at 3–348.79.

It may be true that the distinction is subtle, but Larson treats with the two phrases in separate chapters of the treatise. Compare the language introducing the subjects:

> **§ 6.00  Of the two components of the almost-universal coverage formula—"arising out of and in the course of" employment—the "arising out of" test is primarily concerned with causal connection.**

1 Larson, *supra,* § 6.00 at 3–1.

> **§ 14.00  An injury is said to arise in the course of the employment when it takes place within the period of the employment, at a place where the employee reasonably may be, and while he is fulfilling his duties or engaged in doing something incidental thereto.**

1 Larson, *supra,* § 14 at 4–1.

Larson relies upon *Matter of Injury to Corean* to conclude that Wyoming's interpretation of its statute is unique. 1 Larson, *supra,* § 6.10 at 3–2 n. 2.

What seems to be even more subtle is the fact that it apparently escaped Larson and this court that the same distinction that Larson describes is embedded in the law of Wyoming, but the first function is ascribed to arising out of and in the course of employment, and the second function is ascribed to while at work in or about the premises occupied, used or controlled by the employer. This court rather readily adopted the premises rule in *Archuleta v. Carbon Co. Sch. Dist. No. 1*, 787 P.2d 91, 92 (Wyo.1990), when we said:

> Consistent with that principle [liberal construction of the workers' compensation statutes], we have construed the introductory paragraph of W.S. 27–14–

102(a)(xi) to require that, for an injury to be compensable, there must exist some causal nexus between that injury and some condition, activity, environment or requirement of the employment. *Baker v. Wendy's of Montana, Inc.*, 687 P.2d 885, 892 (Wyo.1984); *Cottonwood Steel Corporation v. Hansen*, 655 P.2d 1226, 1232–33 (Wyo.1982); *Matter of Willey*, 571 P.2d 248, 250 (Wyo.1977).

In *Archuleta*, 787 P.2d at 93, 94, the language of the statute, "while at work in or about the premises * * * controlled by the employer, * * *" was emphasized by the court as well as the phrase "arising out of and in the course of employment." The court then held that where the elements of the premises rule are established, alluding to "employees having fixed hours and place of work, injuries occurring on the premises while they are going to and from work before or after working hours or at lunchtime" (1 A. Larson, Law of Workmen's Compensation § 15.00 at p. 4–3 (1989)), a rebuttable presumption of the causal connection to employment arises. This is a fairly straightforward distinction between our statutory phraseology.

The majority, in the case at bar, chooses to eschew the premise relied upon by the hearing examiner, which was that Richard was traveling to and from his employment and was being reimbursed for that travel. That basis of coverage was rejected by the district court in reversing the decision of the hearing examiner. If the majority agrees with the district court, which apparently it does, then the district court should be affirmed. Instead, however, the majority invokes a presumption that is even more far reaching in its effect than the premises rule without reaching the reason offered for the rejection of the premises rule in *Matter of Injury to Corean*. Succinctly, the rule espoused by the majority is that if nobody was present when the employee died, there is a rebuttable presumption that the death arose out of and in the course of employment without regard to situs or circumstance.

To repeat the unexplained death rule espoused in the majority:

· When an employee is found dead under circumstances indicating that death took place within the time and space limits of the employment, in the absence of any evidence of what caused the death, most courts will indulge a presumption or inference that the death arose out of the employment. 1 A. Larson, *Law of Workmen's Compensation* § 10.32 (1990).

Note the similarity of this language to the elements of the premises rule. I am satisfied that before the unexplained death rule can be invoked it is necessary to demonstrate that the employee was at work in or about the premises occupied, used or controlled by the employer or at work in places where the employer's business requires an employee's presence. In this instance the majority concludes that the unexplained death rule leads to coverage because application of the rule invokes a presumption that the death arose out of the employment. How do we know that the circumstances exist indicating that death took place within the time and space limits of the employment? It must be because the death arose out of the employment. This truly is circular reasoning.

In addition to the proposition stated in the majority opinion, by quotation from 1 Larson, *supra*, § 10.32(c) at 3–142, these statements are pertinent:

Generally, when an employee has a fixed time and place of work, and the fatal injury takes place outside these boundaries, with no reasonable basis from which to infer some work-connected activity, the unexplained-death rule cannot take hold.

1 Larson, *supra*, § 10.32(c) at 3–142.

When an employee has no fixed hours or place of work, the present problem is complicated by the necessity of determining whether the particular errand was business or personal.

1 Larson, *supra* § 10.32(c) at 3–144.

The first language quoted immediately above is entirely consistent with the theory of liability invoked by the hearing examiner that depended upon Richard's traveling to his place of employment. The latter language is a classic description of this case, and it should not be resolved by invoking

the unexplained death rule without establishing that "death took place within the time and space limits of the employment."

It appears that there is evidence in the record that well might justify a conclusion that Richard died "while at work in [a place] where the employer's business" required his presence. Wyo.Stat. § 27–14–102(a)(xi). The hearing examiner did not so find, however, and the only justification for a remand would be to have the hearing examiner further consider the significance of a prior telephone conversation between Richard and his supervisor, McConnell, to determine if an inference could be supported of a similar purpose for this trip.

Since I conclude that it is inappropriate for this court to inject itself into the fact finding function and it is not sound legal reasoning for this court to find as a fact that the statutory provisions were satisfied by invocation of the Larson presumption, I would affirm the decision of the district court. I agree that the justification invoked by the hearing examiner is not supportable on this record, and I am satisfied that the case cannot be rationally solved by invocation of the Larson presumption.