**Henrietta SHISLER, Appellant (Plaintiff),**

v.

**The TOWN OF JACKSON, Wyoming, a Governmental Entity; and Teton County, Wyoming, a Governmental Entity, Appellees (Defendants).**

No. 94–103.

Supreme Court of Wyoming.

Feb. 17, 1995.

Robert W. Horn, Jackson, for appellant.

R. Michael Mullikin of Mullikin, Larson & Swift, Jackson, for appellees.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

TAYLOR, Justice.

This appeal arises from a judgment entered on a jury verdict that denied appellant recovery in a negligence case. Appellant raises issues regarding the application of the Wyoming Governmental Claims Act; unanswered interrogatories on the verdict form; and an alleged conflict of interest that appellant argues tainted evidence presented by appellees at trial. The district court entered

judgment in favor of appellees. Appellant was ordered to pay costs.

We affirm.

## I. ISSUES

Appellant presents the following issues for our review:

I. Where uncontroverted evidence was presented that the Teton County Library is used by citizens for the purposes of amusement and diversion, was appellant entitled to summary judgment on the issue of whether the Teton County Library was a recreation area within the meaning of Wyoming Statute § 1–39–106?

II. Where the trial court submitted to the jury a special verdict form and provided instruction that the form was to [be] completed by the jury, was it reversible error for the trial court to accept an incomplete verdict from the jury which failed [to answer] certain * * * questions submitted?

III. Should a trial court allow an attorney jointly representing two defendants to present inconsistent defenses at trial on behalf of those defendants?

Appellees restate the issues:

I. Whether the characterization of the location of plaintiff's fall near the improvements known as the Teton County Library building and grounds was a "building, recreation area or public park" within the meaning of Wyoming Statute § 1–39–106 or as a "sidewalk" within the meaning of Wyoming Statute § 1–39–120 was an issue of fact or law.

II. Whether the location of plaintiff's fall near the improvements known as the Teton County Library building and grounds was a "recreation area" within the meaning of Wyoming Statute § 1–39–106.

III. Whether, assuming *arguendo*, the Teton County Library building and grounds was a "recreation area" within the meaning of Wyoming Statute § 1–39–106, the jury verdict would have been different.

IV. Whether answers to special interrogatories numbers 1 and 2 relating to the characterization of the location of the fall were necessary to the rendition of a complete and proper verdict.

V. Whether the trial court properly denied [appellant's] motion to disallow testimony for alleged ethical violations.

VI. Whether, assuming *arguendo,* any of appellant's points on appeal are meritorious, appellant has designated a sufficient record to support any claim for reversible error.

## II. FACTS

Appellant, Henrietta Shisler (Shisler), fell on a wooden walkway outside the Teton County Library (Library) in Jackson, Wyoming and injured her elbow. She sought compensation from appellees, Town of Jackson (Town) and Teton County (County). The Town and the County each denied Shisler's claim.

Shisler then filed a complaint in district court against both the Town and the County. After filing an amended complaint, Shisler filed a motion for summary judgment, arguing that the Library was a "recreation area" within the meaning of the Wyoming Governmental Claims Act. The district court denied that motion.

A jury trial began on January 17, 1994. At trial, the Town and the County were both represented by the same attorney. Counsel for the Town and the County attested that both clients consented to dual representation.

The jury, having found no fault or damages, asked the district court whether certain interrogatories on the verdict form had to be answered. The district court responded that, given the verdict of no fault and no damages, it was not necessary to answer the interrogatories. Following entry of the verdict, the district court ordered that Shisler recover nothing from the Town or the County and that Shisler pay costs in the amount of $518.35.

## III. DISCUSSION

SHISLER'S MOTION FOR SUMMARY JUDGMENT

 Summary judgment will be granted only if there are no genuine issues of fact in dispute, and the moving party is entitled to judgment as a matter of law. *Roemer Oil Co. v. Aztec Gas & Oil Corp.,* 886 P.2d 259, 262 (Wyo.1994). On appeal, the record will be construed in the light most favorable to the non-moving party and all favorable inferences that can be drawn from that record will be drawn in favor of the non-moving party. *Mountain Cement Co. v. Johnson,* 884 P.2d 30, 32 (Wyo.1994) (*quoting Four Nines Gold, Inc. v. 71 Constr., Inc.,* 809 P.2d 236, 238 (Wyo.1991)).

 In her motion for summary judgment, Shisler asked the district court to rule that the Library is a "recreation area" as defined in Wyo.Stat. § 1–39–106 (1988). The district court denied the motion without elaboration. The district court could not have granted the motion unless it concluded that there were no genuine issues of material fact in dispute and that the Library was a "recreation area" as defined in the Wyoming Governmental Claims Act. Wyo.Stat. §§ 1–39–101 through 1–39–120 (1988 & Cum.Supp.1994).

Shisler argues that the district court erred when it did not find, as a matter of law, that the Library was a "recreation area" under the Wyoming Governmental Claims Act. Wyo.Stat. § 1–39–106 provides:

A governmental entity is liable for damages resulting from bodily injury, wrongful death or property damage caused by the negligence of public employees while acting within the scope of their duties in the operation or maintenance of any building, *recreation area* or public park.

(Emphasis added.)

We need not, at this time, rule on the question of whether the Library is a "recreation area" as defined under the Wyoming Governmental Claims Act because Shisler has failed to establish an essential element of her tort claim. The jury determined that neither the Town nor the County was at fault. In other words, the jury found that neither the Town nor the County breached any duty owed to Shisler. Where no duty is

breached, the plaintiff cannot prevail on a negligence claim. *Norman v. City of Gillette,* 658 P.2d 697, 699 (Wyo.1983).

Thus, the question of whether the Library is a "recreation area" is rendered moot. The mootness doctrine is "premised upon jurisprudential principles which are designed to promote judicial economy * * *." *Reiman Corp. v. City of Cheyenne,* 838 P.2d 1182, 1186 (Wyo.1992). This court need not decide an issue that is moot and will not render advisory opinions. *See Mari v. Rawlins Nat. Bank of Rawlins,* 794 P.2d 85, 89 (Wyo.1990). The question of whether the Library is a "recreation area," as that issue relates to Shisler's negligence claim, is moot and, therefore, will not be considered.

### UNANSWERED INTERROGATORIES

■ This court has not set forth a rule for reviewing unanswered interrogatories. However, in *Sherwood B. Korssjoen, Inc. v. Heiman,* 52 Wash.App. 843, 765 P.2d 301, 304 (1988), the Washington Court of Appeals articulated a standard that we find persuasive. In discussing the consequences of a jury's failure to answer special interrogatories, the Washington Court of Appeals said:

> The modern rule is that where the unanswered special interrogatories concern determinative issues, the absence of jury findings is prejudicial and requires a new trial, at least on the unresolved issues; *but where the unanswered issues are not material,* or where answers can be derived from the jury's responses to other interrogatories, *the court may enter a judgment on the verdict.*

*Id.,* 765 P.2d at 304 (emphasis added and footnote omitted).

Shisler argues that the district court erred when it accepted the incomplete verdict form. The jury did not answer the question of whether the accident occurred as a result of the operation or maintenance of a building or the question of whether the accident occurred on a sidewalk. These questions, however, were rendered immaterial when the jury determined that neither the Town nor the County breached any duty owed to Shisler.

As indicated in *Sherwood B. Korssjoen, Inc.,* 765 P.2d at 304, judgment can be entered on the verdict if the issues in the unanswered interrogatories are immaterial. The unanswered interrogatories on the verdict form in this case were immaterial because the jury found that neither the Town nor the County breached any duty owed to Shisler. Since neither the Town nor the County breached any duty, Shisler failed to establish an essential element of her negligence claim. *See Norman,* 658 P.2d at 699. The district court, therefore, did not err in entering judgment on the verdict.

### CONFLICT OF INTEREST AND EVIDENTIARY ISSUES

■ The decision to grant or deny a motion to disqualify counsel is within the discretion of the district court. *Rose v. Rose,* 849 P.2d 1321, 1325 (Wyo.1993) (*quoting Weaver v. Millard,* 120 Idaho 692, 819 P.2d 110, 114–15 (1991)). We will not find an abuse of discretion unless the district court "exceeds the bounds of reason or commits an error of law." *Combs v. Sherry–Combs,* 865 P.2d 50, 55 (Wyo.1993). Admission of evidence is also left to the sound discretion of the district court. *Haderlie v. Sondgeroth,* 866 P.2d 703, 712 (Wyo.1993).

■ Counsel for the Town and the County filed a "Certification as to Compliance With Rule 1.7, Rules of Professional Conduct For Attorneys At Law" with the district court. In chambers, the district court said "there [is] little question in the Court's mind that [counsel] [has] authorization from attorneys for both entities [to] provide this dual representation." The district court found that the interests of the Town and the County were not so adverse that counsel's representation of either of his clients was compromised. We hold that the district court did not abuse its discretion in allowing the dual representation.

■ Shisler also claims she was prejudiced when the district court allowed counsel, representing both the Town and the County, to offer "testimony from each defendant that maintenance of the Library was the other defendant's responsibility." Shisler contends

this testimony created confusion and tainted the evidence the jury was to consider. The record reveals no abuse of discretion in this regard and, absent a clear abuse of discretion, we will not disturb an evidentiary ruling on appeal. *Haderlie,* 866 P.2d at 712.

## IV. CONCLUSION

Since the jury found no fault on the part of either the Town or the County, the first two issues raised by Shisler are moot. Further, the district court did not abuse its discretion in allowing dual representation or in any evidentiary ruling. The jury verdict and the judgment of the district court are affirmed.