**In the Interest of AMB, A Child Under the Age of Eighteen Years:**

**AMB, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. C–94–10.

Supreme Court of Wyoming.

March 31, 1995.

Leonard D. Munker, State Public Defender, Cheyenne, Gerald M. Gallivan, Defender Aid Program; Jamette Pruett, Student Intern, Defender Aid Program, Laramie, for appellant.

Joseph B. Meyer, Atty. Gen., Richard E. Dixon, Asst. Atty. Gen., Cheyenne, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR, and LEHMAN, JJ.

GOLDEN, Chief Justice.

In this appeal, we are asked to review juvenile court orders which placed appellant AMB in a psychiatric hospital and, later, in a residential care program.

We affirm.

These issues are described by counsel for AMB:

I. Whether the Juvenile Court for Park County failed to follow the procedural guidelines set forth in the Juvenile Court Act when revoking appellant's probation committing him to an inpatient psychiatric facility, thus violating said juvenile's due process rights?

II. Whether the Juvenile Court for Park County failed to follow the previous court's orders and the Juvenile Court Act in the subsequent move to H.O.P.E., Inc.?

By petition filed on November 19, 1993, AMB was charged with delinquent acts. He was placed in a shelter until December 6, 1993, and then in therapeutic foster care which continued until May 16, 1994. On March 23, 1994, AMB admitted the allegations set out in the delinquency petition.

There then ensued a series of changes in AMB's placement which are challenged in this appeal. Appellate counsel claims that AMB's later placements were accomplished in a manner which violated the provisions of the Juvenile Court Act, Wyo.Stat. §§ 14–6–201 –243 (1994), as well as the constitutional concept of due process of law.

On May 16, 1994, AMB's teachers and social workers became aware that AMB might be contemplating suicide. The record reflects that he had developed some rather concrete plans in that regard. The social workers took swift action to ensure his safety. He was placed in a hospital overnight on May 16th, where he was overseen by EMT's throughout the night. On the morning of

May 17, 1994, he was transferred to a psychiatric facility.

On May 19, 1994, a hearing was held to determine the appropriate placement for AMB. The juvenile court determined that AMB should remain in psychiatric care for two weeks for evaluation and a determination would be made thereafter about a more permanent placement. On June 9, 1994, AMB was transferred to a residential facility in northwestern Wyoming, and on June 21, 1994, was finally placed at a residential facility in southeastern Wyoming. All parties to this appeal, as well as all the professionals involved in this matter, agreed that that final placement was appropriate and in AMB's best interests and no challenge is made to it in this appeal.

Appellate counsel relies on violations of the procedures required by WYO.STAT. § 14–6–232 (1994) (probation revocation) and/or WYO. STAT. § 14–6–219 (1994) (involuntary commitment) in alleging an inventory of procedural errors which require reversal and relitigation of the child's case. We will not comment in detail on those proceedings, but we are fully satisfied from a comprehensive review of the record that the actions of the juvenile court were neither probation revocation, nor involuntary commitment, proceedings.

The remedy actually described by appellate counsel is this:

> Counsel for the Appellant therefore respectfully requests that this court reverse the order committing AMB to [a psychiatric facility] and remand the case back to the Juvenile Court with instructions to file the proper petition(s), and hold the proper hearing(s), with the possibility of the involuntary commitment being stricken from the juvenile's record.

No pertinent authority or cogent argument is presented to flesh out how such a remedy would be availing under the circumstances presented by the appeal. One contention is that, though the outcome might turn out the same, at least AMB's due process rights would not be violated and the full range of options, which might have been considered, could be explored. Such a remand would serve no apparent purpose and could not have a meaningful impact on the parties.

Thus, the issues raised in this appeal are moot. *Reiman Corp. v. City of Cheyenne*, 838 P.2d 1182, 1187 (Wyo.1992); and *see Shisler v. Town of Jackson*, 890 P.2d 555, (Wyo.1995); *UMWA Local 1972 v. Decker Coal Co.*, 774 P.2d 1274, 1277 (Wyo.1989); *Oukrop v. Bd. Of Dental Examiners*, 767 P.2d 1390, 1391 (Wyo.1989). In so concluding, we do not retreat from our holdings that compliance with the procedural requirements of the Juvenile Court Act is mandatory. *See M.M. v. State*, 827 P.2d 1117 (Wyo.1992); *In Interest of C.N.*, 816 P.2d 1282 (Wyo.1991).

We note that a central concern presented by the appellate counsel is the social stigma which may attach to AMB because of an involuntary commitment to a psychiatric facility. The governing statutes provide meaningful remedies for such concerns. *See* WYO. STAT. § 14–6–239 (1994) (confidentiality of records); WYO.STAT. § 14–6–241 (1994) (expungement of records providing that upon expungement "the proceedings in the petitioner's case are deemed never to have occurred and the petitioner may reply accordingly upon any inquiry in the matter."). Moreover, new proceedings simply could not change the fact that the placement did occur.

In conclusion, we hold that the issues raised are moot. The challenged orders of the juvenile court must be affirmed.